# FIFTH DEPARTMENT

AT

## GENERAL TERM,

### 𝕵𝖆𝖓𝖚𝖆𝖗𝖞, 1891.*

59h 1
d 40 Mis 57

SETH H. TRACY, RESPONDENT, v. SOLOMON H. TRACY, APPELLANT.

*Complaint — allegations of services rendered, lease of chattels and of making and delivery of notes, but none of non-payment — insufficient on demurrer.*

A complaint alleged, as a first cause of action, that between certain dates the plaintiff, at the request of the defendant, rendered services as a lawyer, giving the items thereof; as a sixth cause of action, that the plaintiff had rented a certain harness to the defendant to be used for two years, during which time the same was materially injured and depreciated in value to an amount therein stated; as a ninth cause of action, that the defendant had made his promissory note, payable six months after date, for $100, with interest, for value received, and delivered the same to the plaintiff. There was no allegation that the professional services had not been paid for, or of a failure to pay for the use of the harness, or that the note had not been paid.

On the hearing of a demurrer interposed to the complaint, on the ground that it did not state a cause of action, it was

*Held*, that there was no allegation of a breach of the contract set forth in either of the causes of action above referred to, and that the demurrer thereto should be sustained.

*Salisbury* v. *Stinson* (10 Hun, 242) overruled.

APPEAL by the defendant Solomon H. Tracy from an order and judgment overruling the defendant's demurrer to the plaintiff's complaint, which order and judgment were entered in the office of the clerk of the county of Allegany on June 27, 1890.

* The other cases of this term which have been reported will be found in the previous volume (58 Hun).

The complaint demurred to was as follows :

The plaintiff complains against the defendant and for a cause of action alleges, that prior to the year 1871, and ever since that time, this plaintiff was and has been an attorney and counselor-at-law in the several courts of record of the State of New York, duly admitted to practice in said courts, and that as such attorney and counselor-at-law, he was retained by the said defendant to bring and attend to, for him, several actions in the courts of this State, from some time in the year 1871 down to and including the year 1882 ; that among the suits so brought, and in which he was so retained, was an action in the Supreme Court, brought some time in the year 1871 by one Mary A. Mackin against said defendant for a breach of warranty on the sale of a horse sold by him to her ; that on such retainer and at the defendant's request he rendered services in such action as such attorney and expended divers sums of money in and about the same to amount in all to the sum of eighty-five dollars ; also an action in Justice's Court of this defendant against Joseph Winship on account commenced some time in the year 1872, which services were of the value of five dollars ; also a suit in Justice's Court brought by this defendant against one George W. Hawley in or about the year 1876, which services were of the value of one dollar ; also an action in the Allegany County Court brought by one Tarbell against this defendant for forcible entry and detainer in the year 1880, which services were of the value, including the moneys expended in and about the same, of sixteen dollars ; also an action brought in the Supreme Court in or about the year 1882 by this defendant against Timothy Gregory, which services and moneys expended in and about the same were of the amount and value of thirty dollars ; also an action brought in Justice's Court in the year 1882 by this defendant against the New York, Lake Erie and Western Railroad Company for the alleged killing by said company of a mare belonging to this defendant, which services were of the value of six dollars ; also an action in Justice's Court in the year 1882, brought by this defendant against Dwight Hammond on general account, which services were of the value of two dollars ; which said services and all of them were so rendered by this plaintiff for said defendant, and at his request and under his retainer and employment.

*Second.* For a second cause of action plaintiff alleges that the

said defendant is indebted to this plaintiff in the sum of two dollars for the use of bull in serving two cows in or about the year 1882 at the request of said defendant.

*Third.* For a third cause of action plaintiff alleges that this defendant is indebted to him for goods, wares and merchandise sold and delivered by this plaintiff to the defendant at his request, in the town of Amity, county of Allegany, N. Y., in the years 1883 and 1884, to the amount and value of sixteen dollars and eighty-seven cents.

*Fourth.* For a fourth cause of action plaintiff alleges that the said defendant is indebted to this plaintiff for money paid, laid out and expended in the years 1883 and 1884 for the benefit of the defendant, and at his request, in the sum of ten dollars and forty cents and interest thereon from the 1st day of January, 1885.

*Fifth.* For a fifth cause of action plaintiff alleges that in or about the year 1883 this plaintiff pastured for the said defendant and fed, at his request, a certain horse for a considerable period of time to the amount and value of four dollars, in which sum the said defendant is now indebted to this plaintiff.

*Sixth.* For a sixth cause of action plaintiff alleges that in the year 1884 plaintiff was the owner of a set of double harness, and at the request of said defendant rented the same to said defendant, and the said defendant had and used the same for the period of about two years, and in using the same materially injured and depreciated the value thereof to the amount, including such use, of twenty-one dollars.

*Seventh.* For a seventh cause of action plaintiff alleges that said defendant is indebted to him in the sum of $150.49, and the interest thereon from the 1st day of April, 1886, for so much money had and received by said defendant to and for the use of the said plaintiff, being moneys of the estate of his father, Ira Tracy, and his mother, Annie H. Tracy, and which said money belonged to this plaintiff, and was had and received by said defendant at or about said date, and which sum said defendant promised to pay to the said plaintiff when thereto requested, and has refused and still does refuse to pay to said plaintiff, although often requested.

*Eighth.* For an eighth cause of action plaintiff alleges that on or about the 1st day of May, 1884, at the request of said defendant,

he lent and advanced to the said defendant the sum of twenty dollars to be paid on demand, and that the same has not been paid, although often requested.

*Ninth.* For a ninth cause of action plaintiff alleges that on or about the 2d day of July, 1883, at Belmont, N. Y., said defendant made his certain promissory note, dated that day, whereby, six months from the date thereof, he promised to pay to this plaintiff or bearer $110, with interest, for value received, and then and there delivered the said note to this plaintiff.

*Tenth.* For a tenth cause of action plaintiff alleges that on or about the 2d day of July, 1883, at Belmont, N. Y., said defendant made his certain promissory note, dated that day, whereby, sixty days from the date thereof, he promised to pay this plaintiff or bearer $110, with interest, for value received, and then and there delivered the said note to this plaintiff.

*Eleventh.* For an eleventh cause of action plaintiff alleges that on the 2d day of July, 1883, at Belmont, N. Y., said defendant made his certain promissory note, dated that day, whereby, one year from the date thereof, he promised to pay to this plaintiff or bearer $110, with interest, for value received, and then and there delivered the said note to this plaintiff.

Wherefore plaintiff demands judgment against the said defendant for the sum of $679.76, and interest on $145 thereof from January 1, 1883; on $310 from July 2, 1883; on twenty dollars from May 1, 1884; on fifty-two dollars and twenty-seven cents from January 1, 1885; on $150.49 from April 1, 1886, besides costs.

*Rufus Scott,* for the appellant.

*Loveridge & Leggett,* for the respondent.

MACOMBER, J.:

The defendant demurred to the first, second, third, fourth, fifth, sixth, ninth, tenth and eleventh counts or causes of action stated in the plaintiff's complaint, on the ground that they severally fail to state facts sufficient to constitute a cause of action.

The second, third, fourth and fifth causes of action are, undoubtedly, sufficiently stated. Each of them contains an allegation of an indebtedness owing by the defendant to the plaintiff upon

contract. The language of each count is that the "defendant is indebted to this plaintiff," thence follow the particulars of such indebtedness in each instance. (Code Civil Procedure, § 531.) The decision in respect to the other causes of action, namely; first, sixth, ninth, tenth and eleventh, stated in the complaint, rests upon different considerations.

The first cause of action is for professional services as attorney and counselor-at-law. The allegation is that from the year 1871 to and including the year 1882, the plaintiff, at the request and under the retainer and employment of the defendant, rendered to the latter services as a lawyer, giving the items thereof. There is no allegations that the services were not paid for as they were rendered, nor any other allegation tending to show a breach of the contract made by the defendant.

The sixth cause of action is based upon an alleged renting, in the year 1884, by the plaintiff to the defendant of a harness used by the latter for two years in which the same was materially injured and depreciated in value to an amount therein stated. In this instance there is no allegation of a failure on the part of the defendant to pay for such use.

The ninth cause of action is upon a promissory note alleged to have been made by the defendant, whereby six months after the date (viz., 2d day of July, 1883) the defendant promised to pay to the plaintiff or bearer $100, with interest, for value received, and then and there delivered the said note to the plaintiff.

The tenth and eleventh causes of action are upon other notes under like allegations.

In neither instance is there an allegation that the note remains unpaid, or that the defendant failed to pay it, or that he is indebted to the plaintiff for any sum of money upon either of these instruments.

The Special Term in deciding against the sufficiency of the demurrer in respect to the causes of action demurred to, other than the second, third, fourth and fifth, deemed itself bound by the decision of the case of *Salisbury* v. *Stinson* (10 Hun, 242). In that case the General Term of the first department held that a complaint alleging that the plaintiff "sold and delivered to the defendant certain goods of the value and for which the defendant agreed to pay $164.68," is sufficient, and that it is not necessary to allege that the

demand has not been paid, or that it remains due and unpaid at the time of the beginning of the action.

In its opinion the court say: That proof of the facts and sale and of the delivery of the goods to the defendant, together with an agreement to pay a stipulated price therefor, are all the facts that need be alleged or proved upon the trial. The court there conceded that, under the former practice, the complaint would doubtless have been bad on special demurrer for not alleging a breach of contract, but held that, under the present system of pleading, a breach is presumed on proof of the facts alleged.

The reasoning of the learned justice writing that opinion, notwithstanding the high character of the court pronouncing it, is not altogether satisfactory to us. That judgment stands alone upon this subject. That it has not met the approval of the profession may be seen in 15 Albany Law Journal, page 479.

A plain and concise statement of the facts constituting the cause of action is all that is required to be pleaded. But what is the cause of action? It is certainly not the sale and delivery of the goods with a promise to pay. The only cause of action of the seller against the buyer arises when the buyer fails to perform his contract according to the agreement and when there is an actual breach of the contract. That it is the breach of the contract, and not the contract itself, that gives the right of action is assumed throughout all systems of procedure. In the Code of Civil Procedure that assumption appears clearly in sections 420 and 1212. If there be a fallacy in the reasoning of the court in the case of *Salisbury* v. *Stinson* (*supra*), it consists in confounding pleading with proof. In an action upon a promissory note, for instance, on the trial, if the plaintiff appears with the note in his possession, a presumption arises that the note remains unpaid, but it is a presumption of evidence, and has no relation to the matter of pleading. The complaint should be such that if there is no answer or appearance by the adverse party a true judgment could be taken under sections 420, 1212 and 1213 of the Code. In weighing a pleading no presumption can be indulged that a person in the ordinary course of business does not fulfill his contracts; and we do not see that a pleading which merely brings the allegation of fact up to the breach without alleging the breach can be made good by indulging in any such presumption.

It follows that the order and interlocutory judgment in respect to the first, sixth, ninth, tenth and eleventh counts of the complaint should be reversed, and that in respect to the second, third, fourth and fifth counts, such order and judgment should be affirmed, without cost of this appeal to either party, with leave, however, to the plaintiff to amend his complaint in respect to the counts above adjudged to be insufficient, and with leave to the defendant to withdraw his demurrer in respect to the other counts and to answer.

DWIGHT, P. J., and CORLETT, J., concurred.

So ordered.