JOHN R. LENT et al., Respondents, *v.* NEW YORK AND MASSACHUSETTS RAILWAY COMPANY, Appellant.

Facts material to a plaintiff's cause of action and essential to be proved to entitle him to a judgment must be pleaded.

No presumption can be indulged in that a defendant has failed in his duty or omitted to perform his contract obligation.

In an action upon an alleged indebtedness an allegation in the complaint of non-payment is essential.

This is not affected by the rule that payment must be pleaded as an affirmative defense, and cannot be proved under the general issue, but the rule simply modifies the general rule of pleading so that the averment of payment is not put in issue by a general denial.

To constitute a cause of action against a railroad company under the General Railroad Act (§ 18, chap. 140, Laws of 1850, as amended by chap. 198, Laws of 1876), to recover the amount of an award for land taken by it for railroad purposes, it is necessary that the final order confirming the award of the commissioners of appraisal, or a certified copy thereof, should be recorded in the county clerk's office.

An allegation, therefore, in the complaint in such an action of such recording is essential, so also is an averment that the defendant has failed to pay the award or is indebted to plaintiffs therefor.

The complaint in such an action alleged the incorporation of defendant, the presentation by it of a petition for the appointment of commissioners, their appointment and report of amount to be paid plaintiff, the confirmation thereof on defendant's motion, and that defendant subsequently appealed from said order to the General Term, where it was affirmed. Then followed a prayer for judgment for the amount of the award and costs. There was no allegation that defendant had failed or omitted to pay the award or was indebted to plaintiff. Defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action, and the demurrer was overruled. *Held,* error.

*Salisbury* v. *Stinson* (10 Hun, 242), overruled.

The complaint did not expressly allege that the order confirming the report of the commissioners had been recorded as required by said act to create a debt against defendant. It did allege, however, that the order had been "entered," and the paragraph closed with this clause: "To which order or its record plaintiffs beg leave to refer." *Held,* that the word "entered" was properly used as synonomous with "recorded;" and so, that the complaint in this respect was sufficient.

*Lent* v. *N. Y. & M. R. Co.* (55 Hun, 181), reversed.

(Argued October 20, 1891; decided January 26, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 9, 1889, which affirmed a judgment of the Special Term entered upon an order overruling a demurrer to the complaint.

This action was brought upon an award of commissioners of appraisal, appointed on application of defendant to appraise lands of John R. Lent, to be taken by defendant for railroad purposes.

The complaint alleges the incorporation of the defendant. The presentation to the Supreme Court pursuant to the statute of this state of a petition by said railroad company asking for the appointment of commissioners to ascertain and appraise the compensation to be made to plaintiff John R. Lent and others for certain real estate which said corporation desired to take for railroad purposes.

The appointment of commissioners and of Henry M. Taylor as special guardian for said Lent in said proceedings, and a report by said commissioners that the amount which ought to be paid to said Lent for said real estate was the sum of $14,270, and to said special guardian for costs and expenses, the sum of $300.

That said report was upon motion of the railroad company confirmed, and an order entered directing said company to pay said sums to said Henry M. Taylor, special guardian of said Lent. That subsequently said defendant appealed to the General Term from said order, and that said report and order had been upon such appeal duly affirmed. These allegations were followed by a prayer for judgment for the amount of the award and costs. The defendant demurred to the complaint upon the grounds:

(1) That the plaintiff had not legal capacity to sue. (2) That there was a non-joinder of parties plaintiff. (3) That there was a defect of parties plaintiff. (4) That causes of action were improperly united. (5) That the complaint did not state facts sufficient to constitute a cause of action.

*Robert F. Wilkinson* for appellant.　It appears on the face of the complaint that the plaintiff had no legal capacity to sue. (3 R. S. [8th ed.] 1743, § 14.)　The demurrer should have been sustained, because the plaintiffs seek to recover in one complaint and in one action upon two distinct and separate causes of action, belonging to different persons, and different in kind. (*Hynes* v. *F. L. & T. Co.*, 31 N. Y. S. R. 136; 9 N. Y. Supp. 260; *Gray* v. *Rothschild*, 112 N. Y. 668; *Wood* v. *Perry*, 1 Barb. 114; *Mann* v. *Marsh*, 35 id. 68.) The complaint is fatally defective, because it contains no allegation of any breach of the defendant's contract or obligation to pay the amount of the award, or any neglect, omission or refusal by it to comply with the order confirming the award. (1 Chitty's Pl. 325; 2 Wait's Law & Pr. 318; *Witherhead* v. *Allen*, 4 Abb. Ct. App. Dec. 628, 634; *Van Geisen* v. *Van Giesen*, 12 Barb. 520; 10 N. Y. 316; *Keteltas* v. *Myers*, 19 id. 231–233; *Tracy* v. *Tracy*, 20 Civ. Pro. Rep. 98; *Merwin* v. *Hamilton*, 13 J. & S. 244, 253; *Moffet* v. *Sackett*, 18 N. Y. 522; *Betts* v. *Bache*, 14 Abb. Pr. 279, 284; *Cudlipp* v. *Whipple*, 11 J. & S. 610; Code Civ. Pro. §§ 420, 1212.)　The complaint is also fatally defective because it does not allege compliance by the plaintiffs with certain provisions of the General Railroad Law, upon which their right of action depends.　(3 R. S. [8th ed.] 1745, § 17; Laws of 1876, chap. 198; *In re R. & C. R. R. Co.*, 67 N. Y. 242; Code Civ. Pro. § 3374; Laws of 1866, chap. 546, § 15; Laws of 1871, chap. 560.)

*Henry M. Taylor* for respondents.　An objection under section 488 of the Code must point out specifically the particular defect relied upon, "otherwise it may be disregarded"—and it is not sufficient to state them, without specifying the defect relied on.　These grounds are not stated in compliance with section 490, and the objection should be disregarded.　(Code Civ. Pro. § 490.)　The cause of action in favor of John R. Lent, and the cause of action in favor of Henry M. Taylor, as special guardian of John R. Lent, have

been properly united. (Code Civ. Pro. § 449; *Shepherd* v. *M. R. Co.*, 117 N. Y. 450.) The complaint states facts sufficient to constitute a cause of action. (*In re R. & C. R. R. Co.*, 67 N. Y. 242; 8 Hun, 35.) The claim that the amendment of May 6, 1876, to section 18 of the Railroad Act, has changed the effect of confirmation of the report, when made on motion of the railroad company, is not well founded. (2 R. S. [7th ed.] 1585, § 6.) The complaint properly alleges the confirmation of the report of the commissioners of appraisal on motion of defendant and the record of the order. (67 N.Y. 248; *Marie* v. *Garrison*, 83 id. 23; *Zabriskie* v. *Smith*, 13 id. 330.)

BROWN, J. It is provided by section seventeen of the General Railroad Act in reference to the taking of land for railroad purposes that upon the report of the commissioners of appraisal being made, the railroad company shall give notice to the parties to be affected by the proceeding for the confirmation of such report and the court shall thereupon confirm the same and make an order containing a recital of the substance of the proceedings, a description of the real estate, and a direction to whom the money shall be paid, or in what bank and in what manner it shall be deposited.

Prior to 1876 it was provided in section 18, that a certified copy of the order confirming the report should be recorded at full length in the clerk's office of the county in which the land described in the order was situated, and thereupon and upon payment or deposit of the sum to be paid as compensation for the land and for costs, etc., the title should vest in the company.

Under the section quoted this court decided in the *Matter of the Rhinebeck and Connecticut R. R. Co.* (67 N. Y. 242), that the confirmation of the report created reciprocal rights between the company and the land owner and put it beyond the power of the company thereafter to abandon the proceedings and that the order of confirmation operated as a judgment binding both parties. This result followed the conclusion drawn from the construction given the sections of the statute

quoted, that from the date of the order confirming the report the duty of the company to pay the award was absolute, and that it was not necessary in order to conclude the corporation that the title to the land should have become vested in it.

By chapter 198, Laws of 1876, section 18 was amended by adding thereto the following: " If the company shall neglect to have such order recorded and make the payment or deposit as herein provided, for the period of ten days after the date of such order, any party to such proceedings and interested therein may, at his election, cause a certified copy of the order to be recorded as aforesaid, and thereupon the moneys therein directed to be paid, with interest thereon from the date of said order, shall be a debt against the company, and the same shall be a lien on such real estate, and may be enforced and collected by action at law or in equity in the Supreme Court, with costs.

" Except, nevertheless, the company may abandon such proceedings by filing within thirty days after notice in writing of such recorded order, in the office of such clerk, a notice of its determination to do so, and paying the reasonable costs and expenses of such party to be ascertained and adjusted on motion by the court making such order. But, in case of such abandonment, the company shall not renew proceedings to acquire title to such lands, without a tender or deposit in the court of the amount of said award and the interest thereon."

This amendment effected a material change in the law in respect to the question raised upon this appeal.

The company was no longer concluded by the order confirming the report. Their duty to pay did not then arise nor did their right to discontinue the proceedings then cease. The duty to pay as well as the land owner's right to sue for the award was made to depend upon the recording of the order.

" Thereupon " is the language of the act; that is upon the recording of the order " the moneys therein directed to be paid * * * shall be a debt against the company and the same shall be a lien upon such real estate and may be collected by action at law or in equity in the Supreme Court."

And the right to discontinue the proceedings did not end until thirty days after recording of the order, or thirty days after notice in writing that it had been recorded by some other party to the proceedings.

Under the section as amended, title to the land vested in the corporation upon the recording of the order and payment or deposit of the award. But no debt was created against the corporation until the order was recorded, and if the company neglected to have that act performed, any other party to the proceedings could cause it to be done, and thereby establish the company's liability to pay the award.

It follows that no cause of action existed against the corporation in favor of the land owner for the amount of the award until the original or a certified copy of the order was recorded, and hence an allegation of that fact was essential in the complaint.

The complaint, while it did not expressly allege that the order had been recorded, did state that it had been "entered," and we are of the opinion that this term was used by the pleader as synonymous with the word recorded. This is manifest by the last line of the paragraph "to which order or its record plaintiffs beg leave to refer."

The words "entered" and "entry" are frequently used as synonymous with "recorded" in the law books. (Code C. P. § 1236). All through the statutes, Code and rules, the word "filing" describes the indorsement on a paper of the date when left in a public office, not for record, but for safe keeping. The word "entry" or "entered" describes the duty of a public officer when something more is required than filing. When we speak of entering a satisfaction of judgment we mean that the "satisfaction piece" or execution is filed and the appropriate words written in the docket indicating that it has been paid. If one should plead that a satisfaction of judgment had been duly entered it would imply that the clerk had done his whole duty. The law requires orders made on notice and in special proceedings to be entered, that is, recorded in an order book. Judgments are to be entered — recorded — in a.

judgment book. If a pleader should aver that a judgment or order had been duly entered, I think it would be held on demurrer to be equivalent to averring that the judgment or order had been recorded, that the clerk had done his whole duty.

It remains to consider the question, whether giving to the word "entered" the interpretation that we have, the complaint states a cause of action. The effect of the recording of the order was to create a debt against the defendant, and in that respect its liability is analogous to a liability arising upon the maturity of a contract for the payment of money, and the question is presented whether an allegation of non-payment is essential and material to the cause of action.

The Code (§ 481) provides that a complaint must contain a plain and concise statement of the facts constituting the cause of action and the general rule deduced therefrom is that whatever facts are essential to be proven to entitle the plaintiff to recover upon the trial must be alleged in the complaint.

It does not admit of controversy that upon an ordinary contract for the payment of money, non-payment is a fact which constitutes the breach of the contract and is the essence of the cause of action, and being such within the rule of the Code it should be alleged in the complaint. It is said, however, that payment is always an affirmative defense which must be pleaded to be available, and hence non-payment need not be alleged, as it is not a fact put in issue by a general denial. (*Salisbury* v. *Stinson*, 10 Hun, 242.)

The rule that payment is an affirmative defense is not one embodied in the Code, but had its origin under the common-law practice in the plea of non-assumpsit, and the reason for it was that in assumpsit the allegation in the declaration and the traverse in the plea were in the past tense, and under the rule which excluded all proof not strictly within the issue, no evidence was admissible, except such as had a tendency to show that the defendant never had made the promise.

It was never applied in the action of debt, the allegation in that form of action being in the present tense, and under the

plea of *nil debet* any fact tending to show that there was no indebtedness on the part of the defendant was admissible.

The history of the rule is set forth in Judge SELDEN's opinion in *McKyring* v. *Bull* (16 N. Y. 297), and need not be referred to here.

Following the rule thus established under the former practice the courts have uniformly held since the adoption of the Code that payment must be pleaded and cannot be proven under the general issue.

While the effect of these decisions is to modify somewhat the rule embodied in section 500 of the Code, their tendency is to simplify pleading, as under their application the plaintiff is informed of the precise defense intended to be made, and thus unnecessary preparation is obviated, and surprise on the trial avoided.

But there is no need to further extend the rule, and hold that, because payment as a defense must be pleaded, the breach of the agreement need not be alleged in the complaint. That would have the contrary effect and lead to embarrassments that are avoided when the plain provisions of the Code are followed.

No authority exists, so far as I am able to find, except the case of *Salisbury* v. *Stinson*, holding that a breach of the contract need not be pleaded, but all text writers and reported cases hold to the contrary. (1 Chitty P. pp. 325–359; Comyn's Digest, Title Pleader C. 44; 2 Wait's Law & Practice, p. 318; 1 Wait's Actions & Defenses, pp. 394, 395, and cases cited; *Witherhead* v. *Allen*, 4 Abb. Ct. Ap. Dec. 628; *Tracy* v. *Tracy*, 35 N. Y. State Rep. 167; *Van Giesen* v. *Van Giesen*, 10 N. Y. 316; *Krower* v. *Reynolds*, 99 id. 245.)

*Witherhead* v. *Allen* arose upon a demurrer to a complaint. The opinion states the rule as follows: "When the action is founded upon the contract obligation or duty of the defendant, the very gist and essence of the cause of action is the breach thereof by the defendant, and unless a breach is alleged no cause of action is shown."

In *Van Giesen* v. *Van Giesen* (10 N. Y. 316), it is said:

" The material allegations of the complaint in this case are the making by the defendants of the promissory note, the transfer of it to the plaintiff, and the non-payment by the defendants. Each of them is material, for without the concurrence of all of them, the complaint would not show a cause of action."

To the same effect is *Keteltas* v. *Myers* (19 N. Y. 231). See also Code, §§ 534, 1213, subd. 2.

In *Krower* v. *Reynolds*, it was held in an action on a covenant to pay a mortgage, that it was necessary to allege that the mortgage had not been paid, or that the defendant had failed to perform his covenant, and without such allegation the complaint was demurrable.

And in numerous cases, which need not be cited, but of which *Allen* v. *Patterson* (7 N. Y. 476) is a type, the rule is recognized by implication, but the complaints were held good because of an allegation of indebtedness by the defendant to the plaintiff. This rule is further recognized in section 534 of the Code, which provides a simple form of pleading on an instrument for the payment of money only, but requires the plaintiff to state the sum which he claims to be due to him thereon. Again, the complaint, when verified and there is no answer, stands as proof of the plaintiff's claim, and the clerk is authorized to enter judgment thereon.

But if the plaintiff is not required to allege a breach of the contract, or state the amount due, as his verification would cover only the facts alleged, the clerk, under sections 420, 1212 and 1213 of the Code, would be authorized to enter judgment for the whole amount called for by the contract, and this without proof of the amount due thereon. This would be contrary to the whole spirit of the Code, and would require the clerk to presume a fact neither alleged or proved, viz., that no payments had been made.

These views show how essential to the practice it is that the plaintiff should allege the breach of the contract of which he complains. That breach is always a fact, and is of the very essence of the cause of action. The complaint should show such facts which, if verified and not denied, prove to the clerk

that the plaintiff is entitled to judgment for the amount he demands.

It cannot be said that where the breach consists in non-payment of an agreed sum that it is not an issuable fact because payment cannot be proven under general denial. The most that can be said is that that form of denial does not put that fact in issue, and to that extent the rule that payment must be pleaded must be deemed to modify the rule of pleading under the Code in reference to a general denial.

But no reason is apparent how it can justify the omission from the complaint of a fact material to the plaintiff's cause of action, and essential to be proved to entitle the plaintiff to a judgment. Such facts, under the Code, must be pleaded. No presumption can be indulged in that a defendant has failed in his duty, or omitted to perform his contract obligation.

There was no allegation in the complaint in this action that the defendants had failed or omitted to pay the award, and no allegation of indebtedness, and without such no cause of action was stated.

On this ground we are of the opinion the demurrer was well taken.

Other objections to the complaint were discussed upon the argument, but none of them are considered well taken.

The judgment should be reversed and the demurrer sustained, with costs, with leave to the plaintiff to amend the complaint within thirty days on payment of costs.

All concur, except FOLLETT, Ch. J., and VANN, J., dissenting.

Judgment reversed.