<hr/>

(7 Misc. Rep. 705.)

### COCHRAN COTTON-SEED OIL CO. v. KUGELMAN.

(Common Pleas of New York City and County, General Term.    April 2, 1894.)

ABATEMENT OF ACTION—ANOTHER ACTION PENDING.

In an action brought in a district court of New York city, the defense that another action had been commenced in another district court, and discontinued by plaintiff with costs, and that the costs had not been paid, is not sustained where the only evidence is a transcript from the docket of such district court and a certificate of the clerk that the costs have not been marked as paid, such transcript and certificate being evidence only of the fact that no statement of payment was indorsed on the docket.

Appeal from seventh district court.

Action by Cochran Cotton-Seed Oil Company against Julius A. Kugelman for goods sold and delivered.    From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals.    Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Campbell & Murphy, for appellant.

Robert B. Honeyman, for respondent.

BISCHOFF, J.    That the justice properly rendered judgment for the plaintiff upon the merits of the cause of action is unquestionable, and this the appellant seems to admit; the argument for a reversal of the judgment being confined to the defense, as interposed, of the pendency of another action alone.    The evidence received upon the trial in the form of testimony, and of the parties' letters relating to the transaction, abundantly sustains the finding that the goods in question were retained by the defendant and resold by him under an agreement that the plaintiff should credit him upon the purchase price due plaintiff for the goods with any loss occurring upon such resale.    There is no contradiction as to the amounts to

be charged and credited, and no evidence appears which would justify any recovery by the defendant for storage, insurance, etc., and, moreover, no counterclaim was pleaded.   There are no exceptions upon the record.   As to the defense of another action pending, it was admitted on the trial that an action between the same parties for the same cause had been commenced in the second district court, and that the same had been discontinued.   The defendant, however, claims that such action was discontinued by the plaintiff, after appearance by defendant, "with $7 costs," and, claiming that such costs have not been paid, contends that the present action was prematurely brought, under the ruling in Flewelling v. Brandon, 4 Daly, 333.   The decision in that case was based upon the provisions of section 45 of chapter 344 of the Laws of 1857, and section 3 of chapter 484 of the Laws of 1862; and, by virtue of the substantial re-enactment of such provisions by sections 1382 and 1426 of the consolidation act (Laws 1882, c. 410), its application would extend to the existing practice.   It was there held that an action could not be maintained in a district court where a prior action for the same subject-matter had been discontinued with costs, and such costs had not been paid.   It appears, however, from the opinion in that case that the nonpayment of such costs was admitted upon the record, whereas here we find no trace of any such admission, and it becomes a question whether the defendant has sufficiently proven the defense relied upon.   No testimony was given upon this point, and the only evidence appears in the form of a transcript from the docket, under the seal of the second district court, and a certificate of the clerk of such court that the seven dollars costs have not been marked as paid upon such docket.   This proof cannot be considered as sufficient to support the affirmative defense in question.   The transcript and certificate, at best, are evidence only of the facts so certified, viz. that no statement of payment was indorsed upon the docket (Consolidation Act, § 1410), and this is by no means sufficient evidence that the costs have not been paid, nor a tender made.   No mention of any duty resting upon the clerk to make such an entry upon the docket in the event of payment to the party is found in the enumeration of such clerk's duties as set forth in section 1409 of the consolidation act, and it is only of the entries made as so prescribed that the transcript from the docket is evidence.   The certificate that an entry, which is not apparently the duty of the clerk to make, was not actually made, cannot avail to prove the nonexistence of a fact which would justify such entry.   No testimony as to nonpayment having been adduced, nor any motion made upon the trial, which could in any way call for evidence from the plaintiff as to payment or tender of these costs, the justice properly determined adversely to the defendant upon this defense.   The judgment should be affirmed, with costs.

GIEGERICH, J.   I concur in the reasoning and conclusion reached by Judge BISCHOFF upon this appeal.   In my opinion, it was incumbent upon the defendant to prove that the costs imposed upon the discontinuance of the former action had not been

paid.    See Tracy v. Tracy, 59 Hun, 1, 12 N. Y. Supp. 665; Lent v.
Railway Co., 130 N. Y. 504, 29 N. E. 988. ` In the absence of such
,proof, the judgment should be affirmed, with costs.