## GREGG et al. v. WITTEMANN et al.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

CHATTEL MORTGAGES—TRANSFER OF MORTGAGED GOODS.

Where a mortgage did not in express terms restrict the mortgagor's right to transfer the property, but provided that until default the mortgagor should have the use and possession, he may lawfully transfer the property to others, and the mortgagee's only remedy is against the person in possession.

Appeal from Third district court.

Action by Joshua Gregg and others against Jacob F. Wittemann and others to recover damages for the conversion of mortgaged chattels. From a judgment in favor of plaintiffs, rendered by the justice without a jury, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Louis B. Hasbrouck, for appellants Wittemann.
Benjamin Tuska, for appellant Kannenberg.
Wager & Acker, for respondents.

BISCHOFF, J. The action was for the conversion of certain furniture, and upon the trial the plaintiffs asserted their right to possession as mortgagees under a mortgage executed by one Bartram to secure the payment of the promissory note of one Merz. The chattels in question had been previously sold by the plaintiffs to Merz, and, with others, were contained in the latter's place of business. Bartram's title, and, as incident, the validity of the plaintiffs' claim in this action, was dependent upon an alleged oral transfer of the chattels to him, from Merz, without consideration. Subsequent to Bartram's mortgage to the plaintiffs, Merz executed and delivered a bill of sale, covering the entire contents of his place of business, to the defendants Wittemann, as a means of providing for the payment of the vendor's precedent debt to the vendees. The defendants Wittemann had employed one Alexander to collect their claim against Merz, and the bill of sale to them was of Alexander's procurement. At Alexander's instance the defendants Wittemann transferred all their rights under the bill of sale to the defendant Kannenberg and employed the latter to sell the chattels at auction. The defendant Kannenberg took possession of the chattels, including the furniture mortgaged to the plaintiffs, sold them, and accounted to the defendants Wittemann for the proceeds

of such sale. When the mortgage debt matured,—which was after the sale last above alluded to,—the plaintiffs demanded the furniture from the defendants Wittemann and Kannenberg, and, failing to secure the delivery of the chattels, had judgment against the said defendants for damages, in this action, from which judgment the defendants have appealed.

The recovery below is not to be supported. The plaintiffs' right to the possession of the mortgaged chattels did not accrue until the mortgage debt matured, and default was made in the payment thereof. Until then, therefore, the defendants' possession of the chattels was not tortious, in so far as the plaintiffs were concerned. But before the accrument of the plaintiffs' right to possession the defendants parted with their possession to the purchasers of the chattels. Hence conversion was not predicable of the defendants' failure to surrender the mortgaged chattels to the plaintiffs. Where the mortgage does not in express terms restrict the mortgagor's right to remove or transfer the possession of the mortgaged chattels (Russell v. Butterfield, 21 Wend. 300), and provides, as was here the case, that until default in the payment of the mortgage debt the mortgagor shall have the use and possession of the chattels, the latter has an interest which is capable of transfer by levy and sale under execution. He may therefore lawfully transfer his possession to others, who in turn may divest themselves of such possession by further transfer, the mortgagee's only recourse for surrender of the chattels to himself being against the person or persons in possession at the time when the former's right to possession accrued. 6 Lawson, Rights, Rem. & Prac. p. 5018, §. 3086; Hathaway v. Brayman, 42 N. Y. 322.

Another question would have been presented if it had appeared upon the trial that the mortgagor, and those of the defendants who derived possession of the mortgaged chattels from or under him, disposed of the chattels in hostility to the plaintiffs' rights as mortgagees. Herm. Chat. Mortg. § 137; Hale v. Bank, 64 N. Y. 550, 556; Cooley, Torts (2d Ed.) p. 527, etc. The action, however, was not tried upon any such theory, and from the evidence in the record it is not to be determined that the mortgaged chattels, at the time of the maturity of the mortgage debt, were not available, and accessible to the plaintiffs, in the possession of the purchasers.

A further objection is fatal to the recovery. In that which has been said we have assumed the mortgagor's default in the payment of the mortgage debt. The fact of the default, however, does not appear from the evidence, and cannot be presumed. Lent v. Railroad Co., 130 N. Y. 504, 29 N. E. 988. Hence the plaintiffs' right to the possession of the mortgaged chattels at the time of the demand therefor upon the defendants was not apparent upon the trial, and, failing of the right to possession, no conversion was shown.

The judgment should be reversed, and a new trial ordered, with costs of this appeal to the appellants severally, to abide the event. There should be restitution of the costs below, paid by the appellants to perfect their appeal. All concur.