(45 Misc. 323)

ROGERS v. T. H. SIMONSON & SON CO. et al.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. PLEADINGS—PLEA OF PAYMENT—NECESSITY.
        Code Civ. Proc. § 500, providing that new matter constituting a defense
    must be set forth in the answer, requires that a plea of payment be made,
    in order to render evidence of payment admissible.

Appeal from City Court of New York.

Action by William B. Rogers against the W. R. Steinmetz Company and another, in which the T. H. Simonson & Son Company interpleaded.   From a judgment for plaintiff, the interpleader appeals.   Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Sidney H. Stuart, for appellant.

Benjamin F. Foster and Joseph J. Cunningham, for respondent.

FREEDMAN, P. J.   The action is brought by the plaintiff, as a subcontractor, for the foreclosure of a mechanic's lien filed by him against certain premises for building material furnished by him to the principal contractor, the W. R. Steinmetz Company, pursuant to its contract with the owner.   The appellant's claim to all moneys due and to become due from the owner is founded upon an assignment to it executed by the W. R. Steinmetz Company.   The company last referred to and the owner were served, but defaulted in pleading, and the only party which defended the action is the appellant.   The trial justice found for the plaintiff for the amount claimed.   His findings of fact are fully supported by the evidence, and they sustain the conclusions of law based thereon.   The appellant insists, however, that reversible error was committed in the exclusion of evidence offered by it for the purpose of showing that the W. R. Steinmetz Company had paid to the plaintiff on account of his claim more than the sum admitted in the complaint to have been so paid.   The evidence thus offered was excluded on the ground that the answer interposed by the appellant contained no plea of payment or partial payment.   This ruling was correct. Payment is an affirmative defense, which must be pleaded.   It had its origin under the common-law practice in the plea of nonassumpsit.   The history of the rule is fully set forth in Judge Selden's opinion in McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696.   Following the rule thus established under the former practice, the courts of this state have uniformly held, since the adoption of the Code, that payment must be pleaded, and cannot be proven under a general denial.   McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696; Hughes v. Cuming, 36 App. Div. 302, 55 N. Y. Supp. 256; Lent v. N. Y. & Mass. Ry. Co., 130 N. Y. 504, 29 N. E. 988.   Indeed, the general rule in the states which have adopted a Code is that payment must be specially pleaded, and that evidence of payment is

not admissible in the absence of such a plea under the general denial —a rule which is generally deducible from statutory provisions requiring a special plea for matter in avoidance of the action, or for new matter in defense. Ency. of Pleading & Practice, vol. 16, pp. 174, 175. In this state, section 500 of the Code of Civil Procedure expressly provides that any new matter constituting a defense or counterclaim must be set forth by a clear, precise, and unequivocal statement in the answer. If a departure from this rule was ever permitted, it was in a case in which the complaint alleged the indebtedness in general terms, without stating the grounds thereof. The case at bar is not of that kind.

The judgment should be affirmed, with costs. All concur.