ERNEST W. SMITH, Defendant in Error, v. W. K. GREENE, H. H. GREENE and J. G. GREENE, partners doing business as Greene Bros., Plaintiffs in Error.

Kansas City Court of Appeals, February 15, 1915.

1. **REAL ESTATE BROKERS: Commission: Assignee.** This action was instituted to recover a real estate agent's commission, by an assignee of the demand, from the defendants. The defendants were nonresidents of the State and an attachment, without bond in aid of the action was issued on the affidavit of plaintiff. Defendants appeared and answered and the attachment was dissolved. The plaintiff appeared at the trial of the action, but the defendant's failed to do so.. The court rendered judgment on the second count of the amended petition in the sum of $1553. No motion for new trial or in arrest of judgment was filed. The case was brought to the appellate court on a writ of error, and the only question raised was that the petition is defective and will not support the judgment. *Held*, that by filing an answer to the merits of the petition the defects were waived.

2. **PLEADING: Construction.** Where one files an answer to the merits of a petition he *ipso facto* discards the rule of a strict

construction in subsequent judicial analysis of the petition and puts in its place the opposite rule of liberal interpretation.

3. PLEADING: Insufficiency of Petition: Amendments. The fundamental or radical insufficiency of a petition to state a cause of action is fatal as a lack of jurisdiction over the subject-matter of the action and like that may be taken advantage of, either in the lower court, or here, though no attention was called to the matter in the lower court. But where the defect can be remedied by amendment, which would state a good cause, without substantial change of the cause defectively stated, it will be deemed waived.

Error to Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*New & Krauthoff* for plaintiffs in error.

*Moore & Wayland* for defendant in error.

JOHNSON, J.—This is an action for a real estate agent's commission begun by the alleged assignee of the demand in the circuit court of Jackson county, December 9, 1911. The defendants are non-residents of the State and an attachment, without bond, in aid of the action was issued on the affidavit of plaintiff. Defendants appeared and answered to the merits and the attachment was dissolved. Afterward plaintiff filed an amended petition in two counts and defendants filed an answer to the amended petition.

Plaintiff appeared at the trial but defendants failed to appear. A jury was waived and plaintiff introduced evidence and submitted the cause pleaded in the second count, dismissing the first count. The court rendered judgment for plaintiff on the second count in the sum of $1553. No motion for a new trial or in arrest was filed. Within a year after the judgment was rendered defendants brought the case here by writ of error.

The only question raised by defendants is that the second count of the petition is fatally defective and will not support the judgment.

The material facts alleged are as follows: Defendants owned lands and certain personal property in Franklin county, Kansas, and employed the Edmondson Realty Company, a real estate broker in Kansas City, to find "a customer for the purpose of affecting a sale or exchange of said farms and personal property." The broker found such customer with whom defendants effected a trade or exchange of properties on the basis of a valuation of $55,000 for defendants' property. It is alleged that the broker's services "were and are reasonably worth and of the value of $1375; that by reason of the premises defendants became indebted to the Edmondson Realty Company in the sum of $1375 for said services. That thereafter and before the filing of this suit the said company assigned all its right, title and interest in and to all commissions, fees or moneys due it from defendants by reason of the facts stated herein, and thereafter and on or about the 5th day of December, 1911, plaintiff notified defendants of the said assignment to him and demanded that defendant pay to him the said commission or money due upon said exchange, to-wit, the sum of $1375 but said defendants refused and still refuse to pay the same, and that by reason of the premises said defendants are indebted to plaintiff in the sum of $1375, together with interest thereon from the 5th day of December, 1911."

The objections to the petition raised for the first time in this court are that it does not plead the alleged assignment of the demand in issuable form, that it "fails to allege that anything was due to plaintiff's assignor at the time of the alleged assignment," and "fails to allege the nonpayment of the demand to plaintiff's assignor."

The first objection would not be well grounded if it were before us on demurrer to the petition. The allegation that the assignor of plaintiff was employed by defendants to perform stated services, that the services were performed, and were of the value of $1375, and that before the suit was instituted the broker assigned "its right, title and interest in and to all commissions, fees or moneys due it from defendants by reason of the facts stated herein," advised defendants that the broker's demand for commissions earned pursuant to his employment had been assigned to plaintiff before this suit was begun and was the property of plaintiff. The allegations relating to the assignment are inartificial but not ambiguous or uncertain, and were sufficient to inform defendants that they were being called upon to meet the issue of a legal assignment of the commission the broker claimed for his services. Of the remaining objections counsel for defendants say in their brief, the petition "is fatally defective for the further reason that it fails to allege nonpayment to the assignor prior to the assignment to plaintiff. . . . The sole breach relied on for a recovery is the nonpayment of said commissions. Plaintiff, it is true, alleges nonpayment to himself. But this is not sufficient. Where as in the case at bar the breach relied on is nonpayment, plaintiff must allege nonpayment not only to himself but also nonpayment to the assignor."

It is a sufficient answer to this argument to say it proceeds from the rule of strict construction which governs the analysis of a petition on demurrer. Where by answer to the merits, as in the instant case, the defendant accepts the petition as sufficient to tender a good cause of action it will not be held insufficient as subsequent stages of the proceeding, except in instances where the most liberal and friendly interpretation of its allegations cannot extract from them even an imperfect but amendable statement of a good

cause. Filing an answer to the merits *ipso facto* discards the rule of strict construction in subsequent judicial analyses of the petition and puts in its place the opposite rule of liberal interpretation.

Applying this rule to the allegations under consideration, we find they state, in substance (as defendants in accepting them as sufficient must have understood them), that the demand, not only had accrued and become due and payable, but that no part of it had been paid, either to plaintiff after the assignment or to the assignor before. Such is the only reasonable inference that may be drawn from the allegation that the amount of the commission, viz., $1375, was due plaintiff at the time he made the demand for payment and was refused. This was not the statement of a conclusion, but of an ultimate fact which, if existent, excluded any possible inference that the demand, or any part thereof, had been paid, either to the assignee after, or to the assignor before, the assignment.

Further we will add that if the fact that the demand had not been paid at the time of the assignment should have been pleaded and was not, the omission would not have constituted a fundamental and incurable defect but was one that might have been remedied by amendment and, therefore, was waived by answer.

The rule that permits a petition which fails to state a cause of action to be attacked after answer at any stage of the case and in any court to which the case may go does not obtain in cases where the statement of the cause in the petition is sufficient to give the court jurisdiction over the subject-matter, and it is on the theory that no such jurisdiction has been acquired and that jurisdiction over the subject-matter cannot be waived that appellate courts ever have countenanced the practice of allowing a defendant to accept a petition as good and, after lying in ambush

while the cause progresses through the trial court, then to deliver a successful attack against it in the appellate court. Referring to a fundamental or radical insufficiency of the petition to state a cause of action the Supreme Court observed in Weil v. Greene County, 69 Mo. l. c. 286, "it is as fatal as the lack of jurisdiction over the subject-matter of the action and like that may be taken advantage of, either in the lower court or here, though no attention was called to the matter in the lower court."

The real test in solving the question of whether a given insufficiency is fatal or not is to ascertain if the allegations contain enough to support an amendment which would state a good cause of action without substantial change of the cause defectively stated, or the injection into the case of a different subject-matter. The application of this test to the case in hand leaves no room to doubt that the defect in question might have been remedied by amendment and, therefore, was waived. Concede, for argument, that the necessity for an allegation of nonpayment in a petition on a demand for the payment of money "is not affected by the rule that payment must be pleaded as an affirmative defense and cannot be proved under the general issue but the rule simply modifies the general rule of pleading, so that the averment of payment is not put in issue by a general denial." [Lent v. Railway, 130 N. Y. 504.] Could it be said with reason that if the proof showed, as we have no doubt it did, that the demand was due and unpaid, or if defendants had answered, pleading payment, and that issue had been contested at the trial, plaintiff could not have been suffered to amend his petition by inserting an averment of nonpayment? The question can have but one answer and that is that the trial court would not have been justified in refusing the amendment on the ground that there was nothing in the peti-

tion to amend and that the pleaded cause could not be made to support a verdict.

We have had no brief or argument from counsel for plaintiff and have been put to the trouble—of which they should have relieved us—of searching out the authorities which support the views expressed. We have been greatly aided by the careful and instructive brief of counsel for defendants but not convinced of the justice of their cause. The decisions in this State on the subject of curable and incurable defects in peti- tions which are cited in defendants' brief have been examined and are found to be in harmony with what we have said.

The judgment is affirmed. All concur.