ALFREDO F. W. HAEUSSLER, Plaintiff and Appellee, v. RALPH WORMS & Co., Defendants and Appellants.

No. 3760. Argued January 15, 1926.—Decided January 28, 1926.

DEBT — SECURITY — PLEADING. — When there is an obligation to pay a sum of money in specified installments and to secure payment other obligations are contracted, non-payment and not failure to comply with the collateral obligations is a fact which constitutes the breach of the contract and is the essence of the cause of action and must be alleged expressly in the complaint.

Second District Court of San Juan. Judgment by default in an action of debt. Reversed.

Hugh R. Francis for the appellants. Henry G. Molina and Leopoldo Feliú for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The complaint in this case is based on a document signed by the parties on March 17, 1925, and copied into the complaint, it being an agreement of the defendants to pay to the plaintiff the sum of $1,401.40 in weekly installments of $300 each. The document reads that "to secure payment of the weekly installments Ralph Worms & Co. promise to ship to New York all of the merchandise produced in their factory . . . . to Mr. Haeussler at his address by the Porto Rican Express Co., attaching thereto a C.O.D. for three hundred dollars to be paid to Mr. Haeussler, or to ship it by the said Express Co. with a sight draft for that amount to be

paid by the consignee as a condition precedent to the delivery of the merchandise."

The complaint further alleges "that in the weeks corresponding to March 19th and 26th the defendants made two shipments of merchandise to the United States, consisting of pearls manufactured by the said partnership, but not to Mr. Haeussler and without attaching a C.O.D. for the $300 according to the stipulations of the obligation, . . . and without sending by the Porto Rican Express Co. a sight draft for the said $300 to be paid as a condition precedent to the delivery of the merchandise."

The complaint ends with a prayer for judgment requiring the defendants to pay to the plaintiff $600 corresponding to the installments mentioned, with interest and costs.

The defendants did not answer. Their default was noted and judgment was entered in accordance with the prayer of the complaint, whereupon this appeal was taken.

The only assignment of error made by the appellants is that the judgment is void because the complaint does not set up sufficient facts, inasmuch as it "does not allege that the $300 was not paid to the plaintiff."

The appellee admits that there is no such allegation in the complaint, but contends that it was not material because it does not involve "a simple promissory note, or a mere obligation to pay, in the sense maintained by appellants." The appellee cites in support of his contention section 1081 of the Civil Code which reads as follows: "In conditional obligations, the acquisition of rights, as well as the extinction or loss of those already acquired, shall depend upon the event constituting the condition."

In our opinion the appellants are right. We do not see the distinction made by the appellee or consider applicable the statute cited. There is no conditional obligation in this case. The defendants bound themselves to pay to the plaintiff three hundred dollars weekly. It was to *secure* its payment that the other obligation to ship the merchandise was

contracted. Failure to comply with the security obligation does not necessarily imply failure to comply with the obligation to pay. Payment could have been made in money or directly in any other way. In fact a technical question is involved. It is true that the installments have not been paid and the judgment which we are obliged to reverse is just, but it is a well settled rule that complaints should set up clearly, concisely and distinctly the facts that determine the cause of action and in this case non-payment constitutes the essential breach of the contract on which the action is based.

Although the rule has been applied generally in cases of promissory notes, it is not circumscribed to such cases only. In paragraph 5384 (vol. 3) of Sutherland on Code Pleading, Practice and Forms it is said:

"In a complaint upon a promissory note, an allegation of its non-payment is material, and, if omitted, the complaint is demurrable. The averment that there is a certain amount due upon the note is insufficient, being a statement of a mere conclusion of law. And an allegation that defendant has refused, and still does refuse, to pay the principal or interest of the note, or any part thereof, and that there is now due plaintiff a certain sum, is insufficient. The rule is stated to be that upon an ordinary contract for the payment of money non-payment is a fact which constitutes the breach of the contract, and is the essence of the cause of action, and must be alleged in the complaint. An allegation in the complaint that 'no part of said note, principal or interest, has been paid,' is a sufficient averment of a breach."

One of the cases cited in support of the general rule is that of *Lent v. New York & Mass. Ry. Co.*, 130 N. Y. 504 (29 N. E. 988). In it the court said:

"It does not admit of controversy that, upon an ordinary contract for the payment of money, non-payment is a fact which constitutes the breach of the contract, and is the essence of the cause of action, and, being such, within the rule of the Code it should be alleged in the complaint. It is said, however, that payment is always an affirmative defense, which must be pleaded to be avail-

able, and hence non-payment need not be alleged, as it is not a fact put in issue by a general denial. Salisbury v. Stinson, 10 Hun, 242. The rule that payment is an affirmative defense is not one embodied in the Code, but had its origin under the common-law practice in the plea of *non assumpsit;* and the reason for it was that in *assumpsit* the allegation in the declaration and the traverse in the plea were in the past tense, and, under the rule which excluded all proof not strictly within the issue, no evidence was admissible, except such as had a tendency to show that the defendant never had made the promise. It was never applied in the action of debt, the allegation in that form of action being in the present tense, and, under the plea of *nil debet,* any fact tending to show that there was no indebtedness on the part of the defendant was admissible. The history of the rule is set forth in Judge Selden's opinion in McKyring v. Bull, 16 N. Y. 297, and need not be referred to here. Following the rule thus established under the former practice, the courts have uniformly held, since the adoption of the Code, that payment must be pleaded, and cannot be proven under the general issue. While the effect of these decisions is to modify somewhat the rule embodied in section 500 of the Code, their tendency is to simplify pleading, as under their application the plaintiff is informed of the precise defense intended to be made, and thus unnecessary preparation is obviated, and surprise on the trial avoided.

"But there is no need to further extend the rule, and hold that, because payment as a defense must be pleaded, the breach of the agreement need not be alleged in the complaint. That would have the contrary effect, and lead to embarrassments that are avoided when the plain provisions of the Code are followed. No authority exists, so far as I am able to find, except the case of Salisbury v. Stinson, holding that a breach of the contract need not be pleaded, but all text-writers and reported cases hold to the contrary. 1 Chit. Pl. & Pr. pp. 325–359; Com. Dig. tit. 'Pleader,' C, 44; 2 Wait, Law & Pr. p. 318; 1 Wait, Act. & Def. pp. 394, 395, and cases cited; Witherhead v. Allen, 4 Abb. Dec. 628; Tracy v. Tracy, (Sup.) 12 N. Y. Supp. 665; Van Giesen v. Van Giesen, 10 N. Y. 316; Krower v. Reynolds, 99 N. Y. 245.''

For the foregoing reasons the judgment appealed from should be reversed and the case remanded for further proceedings not inconsistent with this opinion.