ALFREDO F. W. HAEUSSLER, demandante y apelado, *v.* RALPH WORMS & Co., demandada y apelante.

No. 3760.—*Visto:* Enero 15, 1926. *Resuelto:* Enero 28, 1926.

PAGOS—ALEGACIONES—EVIDENCIA, JUICIO Y REVISIÓN—ALEGACIONES—FALTA DE PAGO EN CONTRATOS PARA PAGO DE DINERO.—Cuando existe una obligación de pagar una cantidad de dinero en determinados plazos, y en garantía del pago convenido se establecen además otras obligaciones, la falta de pago, y no la falta de cumplimiento de la obligación de garantía, constituye la violación esencial del contrato determinante de la acción de cobro y en tal virtud dicha falta de pago debe alegarse expresamente en la demanda.

SENTENCIA en rebeldía registrada por el Secretario de la Corte de Distrito de San Juan (Segundo Distrito), con costas. *Revocada.*

*Hugh R. Francis,* abogado de la apelante; *Henry G. Molina* y *Leopoldo Feliú,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La demanda en el presente caso se funda en un documento firmado por las partes el 17 de marzo de 1925 y que se copia en la misma, en el cual se convino que la demandada pagaría al demandante mil cuatrocientos un dólares y cuarenta centavos en plazos semanales de trescientos dólares cada uno. "En garantía de los plazos semanales," dice textualmente el documento, "la sociedad Ralph Worms &

Co. se compromete a remesar a New York toda la mercancía que produzca en su fábrica . . . . a nombre del señor Haeussler, por conducto de la Porto Rican Express Co., a su destino, agregándole un C. O. D. por trescientos dólares para que sean pagados al señor Haeussler o bien enviándola por conducto de dicho express con un giro a la vista de igual suma para que éste sea pagado como condición precedente a la entrega de la mercancía, por la persona a cuya consignación vayan los géneros.''

La demanda alega además ''que en las semanas correspondientes al 19 y 26 de marzo, la demandada envió dos embarques de mercancías a los Estados Unidos, consistentes en perlas fabricadas por dicha mercantil, sin ser enviados dichos embarques a nombre del Sr. Haeussler, ni sin agregarle a dichos embarques un C. O. D. por los $300.00, según las estipulaciones de la obligación, . . . . sin haber tampoco enviado por conducto de la Porto Rican Express Co. un giro a la vista por los ameritados $300.00 para que fuesen pagados como condición precedente a la entrega de las mercancías.''

Termina la demanda suplicando que se dicte una sentencia que condene a la demandada a pagarle $600, correspondientes a los plazos indicados, con más los intereses y las costas.

No contestó la demandada. Se anotó su rebeldía y se dictó sentencia de acuerdo con la súplica y contra esa sentencia es que se ha interpuesto el presente recurso de apelación.

Como único error alega la apelante que la sentencia es nula porque la demanda carece de hechos suficientes para sostenerla ya que ''no alega en parte alguna que los $300 convenidos no se pagaran al demandante.''

La parte apelada admite que no existe tal alegación en la demanda pero sostiene que no era esencial porque no se trata ''de un simple pagaré, ni de una mera obligación de pago, en el sentido que sostiene la apelante.'' Cita la ape-

lada en apoyo de su contención el art. 1081 del Código Civil que dice: "En las obligaciones condicionales la adquisición de los derechos, así como la resolución o pérdida de los ya adquiridos, dependerá del acontecimiento que constituya la condición."

A nuestro juicio tiene razón la apelante. No vemos que exista la distinción que hace el apelado ni consideramos aplicable el precepto de ley que invoca. No se trata de una obligación condicional. La demandada se obligó a pagar al demandante trescientos dólares semanales. Fué en *garantía* del pago que se estableció la otra obligación del envío de los productos. El dejar de cumplir la obligación de garantía no implica necesariamente la falta de cumplimiento de la obligación de pago. El pago pudo haberse hecho en metálico o directamente de cualquier otro modo. Se trata de una cuestión técnica, en verdad. Seguramente los plazos no han sido pagados y la sentencia que nos vemos obligados a revocar es justa, pero es una regla bien establecida que en las demandas deben alegarse clara, concisa y distintamente los hechos determinantes de la causa de acción que se ejercita, y la falta del pago constituye en este caso la violación esencial del contrato determinante de la acción ejercitada.

Si bien la regla se ha aplicado generalmente en casos de pagarés, no está a dichos casos solamente circunscrita. En el párrafo 5384 (vol. 3) de su tratado sobre "Code Pleading and Practice," Sutherland dice:

"En una demanda sobre un pagaré la alegación de falta de pago es material y en ausencia de ella la demanda es excepcionable. La alegación de que se adeuda cierta suma sobre el pagaré es insuficiente, pues es una mera conclusión de derecho. Una alegación de que el demandado se ha negado y continúa negándose a pagar el capital o intereses del pagaré, o alguna parte de ellos, y de que actualmente se debe al demandante cierta suma es insuficiente. La regla ha sido establecida de que sobre un contrato ordinario para el pago de dinero la falta de pago es un hecho que constituye la violación del contrato y es la esencia de la causa de acción, debiendo, por tanto, alegarse en la demanda. La alegación en la demanda de que 'ninguna

parte de dicho pagaré, ni càpital ni intereses, ha sido pagada' constituye una alegación suficiente de una violación.'' 3 Sutherland's Code Pleading, Practice & Forms, 3029.

Uno de los casos citados para sostener la regla general es el de *Lent* v. *New York and Mass. Ry. Co.,* 130 N. Y. 504 (29 N. E. 988). En él se dice:

''Es un hecho incontrovertible que con relación a un contrato ordinario para el pago de dinero la falta de pago constituye una violación del contrato y es la esencia de la causa de acción, por lo cual siendo tal, de acuerdo con la disposición del código debe ser alegada en la demanda. Se dice, sin embargo, que el pago es siempre una defensa afirmativa que debe ser alegada para poder aprovecharse de ella y que por lo tanto la falta de pago no necesita alegarse ya que no es un hecho contradicho por una negativa general. *Salisbury* v. *Stinson,* 10 Hun. 242.

''La regla de que el pago es una defensa afirmativa no es una que esté contenida en el código, sino que tuvo su origen en la práctica del derecho común con el nombre de alegación de no haberse comprometido (*plea of nonassumpsit*), y el fundamento de la misma fué que en los casos sobre obligación contraída (*assumpsit*) la alegación de la demanda y la negativa de la contestación estaban en pretérito y bajo la regla excluyendo toda prueba no relacionada estrictamente con la controversia no era admisible otra evidencia que la que tendiera a probar que el demandado nunca había hecho el compromiso.

''Nunca fué aplicada a las acciones sobre deuda, pues la alegación de la demanda en tales casos estaba en presente y bajo la alegación de no deber (*nil debet*) cualquier hecho tendente a demostrar que el demandado nada debía era admisible.

''La historia de la regla está descrita en la opinión del Juez Selden en el caso de *McKyring* v. *Bull,* 16 N.Y. 297; 69 Am. Dec. 696, y no es necesario hacer referencia a ella ahora.

''Siguiendo la regla así establecida bajo la práctica antigua las cortes han resuelto uniformemente, después de promulgado el código, que el pago debe ser alegado y no puede ser probado bajo una negativa general.

''Aunque estas decisiones tienen el efecto de modificar en cierto modo la regla contenida en el artículo 500 del código, su tendencia es simplificar el sistema de alegaciones, ya que en esta forma el demandante queda informado de la defensa precisa que se intenta es-

tablecer, evitando así una preparación innecesaria y también sorpresa en el juicio.

"Pero no hay necesidad de extender la regla aún más para sostener que porque el pago, como defensa, debe ser alegado la violación del convenio no es necesario que se alegue en la demanda. Ello tendría un efecto contrario y llevaría a dificultades que se pueden evitar siguiendo las claras disposiciones del código.

"No existe otra autoridad, en lo que yo he podido encontrar, que el caso de Salisbury v. Stinton, que sostenga que no es necesario que se alegue la violación del contrato, pues todos los autores y casos publicados sostienen lo contrario. 1 Chitty Pl. 325-359; Comyn Dig., title Pleader C. 44; 2 Wait Law & Practice, 318; 1 Wait Actions & Defenses, 394, 395, y casos citados; Witherhead v. Allen, 4 Abb. Ct. App. Dec. 629; Tracy v. Tracy, 35 N. Y. St. Repr. 167; Van Giesen v. Van Giesen, 10 N. Y. 316; Krower v. Reynolds, 99 Id. 245."

Por virtud de todo lo expuesto *debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*