William F. Cochran, Respondent, *v.* Lorenz Reich, Appellant.

*Pleading — when payment and non-payment alleged in a pleading must be proved — effect of a general denial — a judgment for a gross sum, recovered upon two causes of action, cannot be affirmed as to one and reversed as to the other.*

Where a general denial is interposed to a complaint, the plaintiff must prove every allegation essential to his cause of action, and where it is necessary, as in an action to recover rent reserved under a lease, to allege a demand of the rent and non-payment thereof, proof must be given by the plaintiff in support of such allegation.

In actions where such allegations of a demand and non-payment are not essential to the plaintiff's cause of action, payment becomes an affirmative defense and must be specially pleaded, and proof thereof is not competent under a general denial.

The distinction between the two cases lies in the fact that in the former case the plaintiff must allege and prove non-payment as a part of his cause of action, while in the latter case the defendant confesses the cause of action but seeks to avoid it by pleading and proving payment, which is new matter.

Where the complaint in an action at law, for the recovery of money only, sets up two causes of action and the plaintiff recovers judgment for a gross sum, the General Term of the Supreme Court has no power to affirm the judgment as to one cause of action and reverse it and grant a new trial as to the other.

APPEAL by the defendant, Lorenz Reich, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of February, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 20th day of February, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Delos McCurdy*, for the appellant.

*Treadwell Cleveland* and *Henry W. Hardon*, for the respondent.

O'BRIEN, J. :

The questions presented upon this appeal relate to pleadings and proof. The first cause of action is for breach of a covenant to pay rent reserved in a lease. The breach alleged is the refusal to pay rent after demand made therefor; "that the said several sums (of rent), and each of them, now remain wholly due and unpaid, although payment thereof has been duly demanded." The answer contains a general denial. No evidence was offered by plaintiff showing, or tending to show, that the rent alleged to be "wholly due and unpaid" was unpaid in whole or in part. In the absence of such proof, and against the contention of the defendant that the burden of showing non-payment was upon the plaintiff, the court directed a verdict in plaintiff's favor.

Upon this cause of action the precise question presented on this appeal is as to whether, in a case where non-payment of rent is alleged in the complaint as a material and necessary part of the plaintiff's cause of action, a general denial of the allegations of the complaint puts in issue the fact of non-payment. It is conceded that it was necessary in the complaint to allege non-payment, because such non-payment constituted a breach of the lease or contract sued upon. As said in *Lent* v. *The N. Y. & M. R. Co.* (130 N. Y. 504, 510) : "It does not admit of controversy that upon an ordinary contract for the payment of money, non-payment is a fact which constitutes the breach of the contract and is of the essence of the cause of action, and being such within the rule of the Code, it should be alleged in the complaint. It is said, however, that payment is always an affirma-

tive defense which must be pleaded to be available, and hence non payment need not be alleged, as it is not a fact put in issue by a general denial."

In that case a demurrer was interposed to the complaint which omitted to allege non-payment in an action upon an indebtedness ; and it was therein directly held that such an allegation was essential, and that for failure to allege it the complaint was demurrable. In disposing of this question, however, we find some remarks *obiter* which would seem to support the course pursued by the plaintiff upon the trial, of not offering any proof upon the question of non-payment. Thus (p. 513), it is stated : " It cannot be said that where the breach consists in non-payment of an agreed sum that it is not an issuable fact because payment cannot be proven under a general denial. The most that can be said is that that form of denial does not put that fact in issue, and to that extent the rule that payment must be pleaded must be deemed to modify the rule of pleading under the Code in reference to a general denial." The second sentence of this quotation is open to the construction that although it is necessary to plead the fact of non-payment in actions of this character, such fact is not put in issue by a general denial, and, therefore, that it requires no proof because it is to be taken as admitted. The learned judge, writing the opinion in that case, quotes with approval from *McKyring* v. *Bull* (16 N. Y. 297, 309). There the complaint alleged that the plaintiff did labor and service for and at the request of the defendant which was worth $650, and concluded with an averment that there was due the plaintiff on account of such service, over and above all payments and set-offs, $134, and demanded judgment for that sum with interest. The answer consisted only of a general denial of all the allegations of the complaint. Held, that evidence of payment as a defense to the action, or a partial payment in mitigation, was inadmissible on the trial because neither was pleaded. That is a most instructive case, because we therein find a very learned review of the history of the rule at common law under the old form of pleading. The precise question, however, there presented was as to what could be proven by the defendant under a general denial, and SELDEN, J., in closing the opinion of the court, says : " My conclusion, therefore, is that section 149 (old Code) should be so construed as to require the

defendants, in all cases, to plead any new matter constituting an entire or partial defense, and to prohibit them from giving such new matter in evidence upon the assessment of damages when not set up in the answer."

Although in both of the cases above cited expressions may be found in the opinions favoring the position taken by the plaintiff upon the trial, neither of them was called upon to decide, nor do they decide, the precise question here presented, which is, was the plaintiff, as part of his first cause of action, obliged to prove his necessary allegation of non-payment? If it was material to allege the breach, such being denied, it would logically seem necessary to prove it if we are to be governed by the fundamental rule that the judgment in every case shall be *secundum allegata et probata.*

It is insisted, however, that whatever the general or logical force of pleadings, and though the result which has been reached in this case may be deemed an anomaly under the Code pleadings, the rule has been settled in the Court of Appeals by the case of *Lent* v. *The N. Y. & M. R. Co.* (*supra*). Although this case, as we have seen from the quotation made, does bring some comfort to the respondent, it is not entirely barren of argument to support the appellant's position. Thus, in a paragraph of the opinion following the one already quoted, it is said: "But no reason is apparent how it can justify the omission from the complaint of a fact material to the plaintiff's cause of action, and *essential to be proved*, to entitle the plaintiff to a judgment. Such facts, under the Code, must be pleaded. No presumption can be indulged in that a defendant has failed in his duty or omitted to perform his contract obligation."

As neither of these cases, therefore, is a decisive authority on the question involved we must look further. In *Quin* v. *Lloyd* (41 N. Y. 349) the complaint alleged an amount of indebtedness for services performed without stating the value of such services or their extent, but claimed that the indebtedness was for "the balance remaining due after sundry payments made by the defendant," and the answer was merely a denial of the allegations of the complaint. Held, that on the trial the defendant was, under these pleadings, entitled to prove the payment to the plaintiff on account of the services alleged. We therein find that the case of *McKyring* v.

*Bull* (*supra*), upon which that of *Lent* v. *The N. Y. & M. R. Co.* was based, was commented upon and distinguished.

The case of *Locklin* v. *Moore* (57 N. Y. 360, 362) might, at first blush, be regarded as an authority in respondent's favor. That was an action brought to recover the purchase price of goods sold. The answer, among other things, set up that it was expressly agreed that they should be paid for at defendant's store; that he had always been ready and willing to pay for them at his store, but that plaintiff had never demanded payment thereof; that such was the agreement the referee found as a fact, but as a conclusion of law he found that a demand at defendant's store by plaintiff before the commencement of the action was unnecessary, and that the commencement of the suit was a sufficient demand. In supporting this ruling of the referee the court say: "It is the settled law of this State, announced in many decisions, that when a specific sum of money is made payable by the agreement of the parties, upon demand, or at a specified time, at a particular place, as against the original debtor, no demand at the time or place, prior to the commencement of the suit, is necessary. The commencement of a suit is itself a sufficient demand. * * * The only benefit the defendant could get from the specification of payment at a particular place is, that if he was ready there to pay, and kept ready, he could set that fact up in his answer and then pay the money into court, and allege such payment in his answer, and thus shield himself from all liability for interest and costs."

Contrasting the case last cited with that of *Lent* v. *N. Y. & M. R. Co.* (*supra*), it will be found that the *Lent* case is authority for the proposition that in an action upon an alleged indebtedness an allegation in the complaint of non-payment is essential, while the *Locklin* case is authority for the proposition that "when a specific sum of money is made payable by the agreement of the parties upon demand, or at a specified time, at a particular place, as against the original debtor, no demand at the time or place prior to the commencement of the suit is necessary. The commencement of the suit is itself a sufficient demand." This latter case we do not regard as controlling, because we think there is a plain distinction between an allegation of demand and one of non-payment. Thus, though it may not be necessary, as held in the *Locklin* case, to allege a demand,

it has been held in the *Lent* case necessary to allege non-payment. These two, demand and non-payment, seem to us separable, and while *Locklin* v. *Moore* is controlling in a like case upon the question of demand, it still follows logically that where non-payment is an essential allegation of plaintiff's cause of action, it should be proved.

In *Knapp* v. *Roche* (94 N. Y. 329, 333) it was held that where a complaint contains an allegation of non-payment as a necessary and material fact to constitute the cause of action, proof of payment is admissible under a general denial in the answer, and the rule is thus stated in the opinion : " While it is generally true that a defense of payment is inadmissible under a general denial, this is not so when the fact of non-payment is alleged in the complaint as a necessary and material fact to constitute a cause of action (citing cases). It is always competent to prove, under a general denial, any facts tending to controvert the material affirmative allegations of a complaint."

These cases do not meet the precise question under discussion, being authorities only upon the point as to what defenses must be pleaded to be available ; and the rule deducible from them is correctly stated in Bailies' Code Pleadings and Forms (p. 235), as follows : " A defense which confesses and avoids a cause of action cannot be given in evidence under an answer containing simply a general denial of the allegations of the complaint. Such defenses must be pleaded to authorize evidence thereof to be given on the trial. * * * The cases are uniform that under a general denial the defendant cannot prove a defense founded upon new matter. A defendant who relies upon payment as a defense must plead it, even though the complaint alleges non-payment, unless such allegation is necessary and material to the statement of a cause of action." And in Bliss on Code Pleading (§ 357), referring to the plea of payment, it is said : " The plea of payment is new matter. The claim is plausible that inasmuch as no cause of action can arise upon a contract without its breach, inasmuch as the breach — as non-payment — must be alleged, it becomes part of the plaintiff's case, and is involved in a general denial. But whether, in an agreement as to pay money, it is incumbent upon the defendant to plead the fact of payment as new matter, should, upon principle, depend upon the necessity of showing the fact of non-payment as part of the

plaintiff's case. If he is bound to prove, in the first instance, that the promissory note has not been satisfied, or that the price for, or value of, the work and labor, or the property sold, has not been paid, then the default should be so affirmatively stated that the issue may be taken upon it, and the fact of payment does not become new matter. If, on the other hand, it is sufficient for him, in making his *prima facie* case, to establish the agreement, or the work or sale, with the price or its value, and if the obligation thereby created has been discharged — as by payment — it becomes the duty of the defendant to prove that fact, then such fact is new matter, to be specially pleaded."

The general rule of pleading under the Code is that a defendant, by a general denial, puts in issue every fact which it is necessary and material for the plaintiff to allege to constitute his cause of action. Here it is conceded that non-payment of the rent was a necessary and material fact to be alleged in the complaint to constitute plaintiff's cause of action, and it should logically follow that a general denial of such allegation puts in issue the fact of non-payment. Upon an issue thus raised the burden is on the plaintiff to prove the facts necessary and material to his cause of action.

To summarize, then, the logical rule of pleading should require, where a general denial is interposed, proof by the plaintiff of every allegation essential to his cause of action. Therefore, where it is necessary to allege demand and non-payment, proof must be given of such allegations. In actions, however, where allegations such as demand and non-payment are not essential to the plaintiff's cause of action, then payment is an affirmative defense, and, to be proved, must be specially pleaded, a general denial not being sufficient to admit of such proof. The distinction between the two lies in the fact that in the former plaintiff has to allege and prove non-payment as part of his cause of action, while in the latter the defendant confesses the cause of action, but seeks to avoid it by pleading and proving payment, which is new matter. In the case at bar the plaintiff concluded that no proof of non-payment was needed, and none was offered; and, in this condition of the record, the court directed the verdict against the defendant. As we have endeavored to point out, this seems illogical and contrary to the rule that the

judgment must be *secundum allegata et probata ;* and for this error, as to this cause of action, there must be a new trial.

The second cause of action is for the value of the use and occupation of the premises. It is insisted by the appellant that there is no evidence in the case that the reasonable value of the use and occupation was the amount claimed, or that such amount "now remains wholly due and unpaid." We do not deem it necessary to decide whether this contention is sound, for, in view of the conclusion we have reached upon the first point, there must be a new trial as to both causes of action. (*Goodsell* v. *W. U. Tel. Co.,* 109 N. Y. 147.) That case decides that where, in an action at law to recover money only, the complaint sets up two causes of action, and a judgment for a gross sum has been rendered in favor of the plaintiff, the General Term has not authority to affirm the judgment as to one cause of action and reverse it and grant a new trial as to the other. (See, also, *Pollett* v. *Long,* 56 N. Y. 201; *Story* v. *N. Y. & H. R. R. Co.,* 6 id. 85.)

The judgment is, therefore, reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.