(23 Misc. Rep. 336.)

## TRENKMANN v. SCHNEIDER.

(Supreme Court, Appellate Term. April 27, 1898.)

1. TRIAL—RIGHT TO OPEN AND CLOSE.

In an action on a lease for rent, the plaintiff must allege and prove non-payment, and having, if the allegation is denied, the affirmative of the issue, he has the right to open and close the case, and the denial of this right is reversible error.

2. SAME.

This right must be determined upon the state of the pleadings as they stood, and not upon admissions or oral withdrawals made during the trial.

Appeal from city court of New York, general term.

Action by August Trenkmann against Minnie L. Schneider. From a judgment of the general term affirming a judgment in defendant's favor on a verdict of a jury, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Edward S. Clinch, for appellant.

Theodore Sutro, for respondent.

GIEGERICH, J. This action was brought to recover rent reserved in a written lease made by the plaintiff to the defendant. The complaint alleges the execution of the lease, the defendant's entry into possession of the demised premises, the performance by the plaintiff of all conditions of the lease, and the defendant's breach, which is alleged in these words:

"That the defendant has neglected and refused to pay the rent which became due and payable on the 1st day of May, June, and July, 1893, respectively, and there is now due and owing to the plaintiff therefor the sum of $625, with interest. * * *"

The answer denies these averments, except the first two, and sets up a constructive eviction by reason of the plaintiff's failure to supply steam heat and steam power covenanted for by the lease.

Upon the opening of the trial, the defendant claimed the affirmative, and the trial justice, against the plaintiff's objection and exception, granted the application, and gave her the right of opening and closing the case. The defendant argues that the allegations of the complaint so denied were not material, and should therefore be disregarded, and that, even in the absence of proof showing performance, together with defendant's neglect and refusal to pay the rent alleged to be due, the plaintiff would have been entitled to a direction of a verdict in his favor, upon the uncontradicted allegations of the complaint.

In Lent v. Railway Co., 130 N. Y. 504–512, 29 N. E. 988, the necessity for alleging nonpayment in an action upon contract for the payment of money was discussed, and decided adversely to the position contended for by the defendant in this action, the court saying, among other things:

"If the plaintiff is not required to allege a breach of the contract, or state the amount due, as his verification would cover only the facts alleged, the clerk, under sections 420, 1212, and 1213 of the Code, would be authorized to enter

judgment for the whole amount called for by the contract; and this without proof of the amount due thereon. This would be contrary to the whole spirit of the Code, and would require the clerk to presume a fact neither alleged nor proved, viz. that no payments had been made."

And in Cochran v. Reich, 91 Hun, 440, 36 N. Y. Supp. 233, it was held that the allegations of nonpayment in an action for a breach of a covenant to pay rent reserved in a lease was material, and must be proven when denied.

The case of Hurliman v. Seckendorf, 9 Misc. Rep. 264, 29 N. Y. Supp. 740, cited by the respondent, has no application to the case at bar so far as it relates to the allegation of nonpayment, for the reason that there the making of the lease and the refusal to pay the amount demanded in the complaint were admitted. The allegations of the complaint respecting nonpayment or breaches of contract being, as we have seen, material to the plaintiff's cause of action, it was incumbent upon him to prove them (Lent v. Railway Co., supra; Cochran v. Reich, supra; Hicks-Alixanian v. Walton, 14 App. Div. 199, 43 N. Y. Supp. 541); and, having the affirmative of the issue, the plaintiff had the right to open and close the case, and the denial of this right was reversible error (Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489; Bank v. Judson, 122 N. Y. 278, 25 N. E. 367; Parrish v. Association, 6 App. Div. 585, 39 N. Y. Supp. 540).

The right under consideration is substantial, it not resting in the discretion of the trial judge, and must be determined upon the state of the pleadings as they stood, and not upon admissions or oral withdrawals made during the trial. Parrish v. Association, supra.

These views dispense with the necessity of considering other points urged by the appellant upon this appeal, and it follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.