SPIRO v. BARKIN et al.

(Supreme Court, Appellate Term. December 28, 1899.)

1. LANDLORD AND TENANT—ACTION FOR RENT—SUMMARY PROCEEDINGS—PAYMENT.

Where a landlord accepted part cash and a nonnegotiable note in payment of rent due and to become due after the note's maturity, giving a receipt for such rent under an agreement to accept such payment if he could get the note cashed, but it did not appear whether he could get it cashed, or whether he made any effort to do so, he was not entitled, on tendering a return of the note, to maintain a summary proceeding to dispossess the tenant for nonpayment of rent before the note's maturity.

2. SAME—JUDGMENT AGAINST TENANT.

In a summary proceeding to dispossess a tenant for nonpayment of rent, a judgment cannot be rendered against him for the recovery of rent due.

MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Fourth district.

Summary proceeding by Jacob Spiro against Samuel Barkin and another for the nonpayment of rent. From a judgment of the municipal court, borough of Manhattan, Fourth district, in favor of plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

J. A. Seidman, for appellants.

Ralph Nathan, for respondent.

FREEDMAN, P. J. The petition in this proceeding stated, in substance, that the landlord herein was the lessee of the premises described therein, that by an agreement made between himself and the tenants he let a portion of the premises to them at a monthly rental of $100, payable in advance upon the 1st day of each month, and that the rent for the month of August, 1899, was due and unpaid. The answer of the tenants contained a general denial of the complaint, and also set up the affirmative defense that by an agreement made and entered into between one Pauline Glassman, the owner, and Spiro, the petitioner herein, as lessee, the tenants had rented a portion of the premises for the term of four months from July 1, 1899, to November 1, 1899, at an agreed rental price of $350, payable $100 in cash and the balance by a note of $250, due October 1, 1899, payable to the petitioner. The testimony of the landlord, Spiro, who was the only witness sworn in his behalf, was to the effect that, the tenants having paid to him the rent for the month of June, he called upon them about August 1, 1899, and,

being pressed for money, offered to take $100 in cash and a note for $250 for the rent for the months of July, August, September, and October, if they (the tenants) would give him a note which he "could get cashed"; that they thereupon gave him a check for $100, and a note for $250, payable October 1, 1899, and he gave them a receipt for four months' rent from July 1 to November 1, 1899, which receipt was signed by the owner, Glassman, and himself, the lessee. This note was dated July 1, 1899, and was payable to Jacob Spiro, at the Germania Bank. It was not a negotiable note, but whether Spiro could get it cashed or not, or whether he made any efforts in that direction, does not appear. Within a short time after the receipt of the note by Spiro, however, he offered to return the note to the tenants, and demanded the payment of the August rent, and upon their refusal either to accept the return of the note or to pay the rent instituted these proceedings, and not only obtained the final order usual in such cases, but the trial judge rendered a judgment against the tenants for the sum of $100 rent and costs. The testimony on the part of the tenants was undisputed, and showed that foreclosure proceedings were pending against the leased premises at the time of the agreement between the parties relative to the giving of the note; that the landlord was endeavoring to save the rental price of the premises from any action that could be taken by a receiver who might be appointed in the foreclosure proceedings; that he offered to accept the sum of $100 in cash and a note for $250 for the four-months rent referred to; that by the advice of the attorney for the tenants the note was made nonnegotiable, which fact was fully explained to the landlord at the time the note was given him, and which note was accepted by him after such explanation so made, and a receipt for four months' rent given, the receipt being antedated to July 1, 1899, at his request. The receipt was introduced in evidence, and substantiated the testimony given in relation thereto. It was not shown or claimed by the landlord that any misrepresentations or false statements were made by the tenants to induce him to accept the note in question, and he testified that he can read and write the English language, and that he read the note, and accepted it in payment for the rent, and gave the receipt therefor. These proceedings were instituted in August, 1899, and, the note not being due until October 1, 1899, it follows that the tenants interposed and proved a perfect defense to the allegations of the petitioner. Moreover, the trial judge had no authority to render a judgment against the tenants in a proceeding of this kind for the recovery of rent. Jarvis v. Driggs, 69 N. Y. 147.

Judgment and final order reversed, with costs.

LEVENTRITT, J., concurs.

MacLEAN, J. (dissenting). In this proceeding, to dispossess for nonpayment of rent, there was involved merely a question of fact, which the justice determined in favor of the landlord, and under the common practice of this court such determination is not to be disturbed save under conditions which are not present herein. The

propriety or impropriety of a judgment for rent is not before this court, because it is no part of the final order from which, and from which alone, the appeal herein is taken. The order should therefore be affirmed.