(61 Misc. Rep. 647.)

SMITH v. STATE BANK.

(Supreme Court, Appellate Term. January 15, 1909.)

1. CONTRACTS (§ 332*) — PAYMENT ON DEMAND—ACTION FOR BREACH—PLEADING —REQUISITES.

    A complaint for breach of contract to pay on demand must aver demand and nonpayment.

    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 332.*]

2. PAYMENT (§ 65*)—EVIDENCE—BURDEN OF PROOF.

    In suit for breach of contract to pay on demand, the burden is on plaintiff to show nonpayment.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. § 196; Dec. Dig. § 65.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. PAYMENT (§ 62\*)—PLEADING—OPERATION OF PLEADING.**

In an action for breach of contract to ,pay on demand, defendant's affirmative allegation of payment serves only as notice that the issue of nonpayment is actually raised.

[Ed. Note.—For other cases, see Payment, Dec. Dig. § 62.\*]

Appeal from City Court of New York, Trial Term.

Action by Moses Smith against the State Bank. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for appellant.

Samuel Fingerhut, for respondent.

BISCHOFF, J. The cause of action was founded upon a breach of the defendant's contract to pay upon demand, and, without an averment of demand and nonpayment, the complaint would have been clearly insufficient in substance. Under these circumstances nonpayment was a constituent of the right of recovery, and the plaintiff had the burden of proof (Cochran v. Reich, 91 Hun, 440, 36 N. Y. Supp. 233; Lent v. N. Y. & M. R. Co., 130 N. Y. 504, 29 N. E. 988; Trenkmann v. Schneider, 23 Misc. Rep. 336, 51 N. Y. Supp. 232); the affirmative allegation of payment in such a case serving only as notice that the issue of nonpayment was actually to be raised (Lent v. N. Y. & M. R. Co., supra).

In view of the close question involved in this issue, depending upon the identity of the person to whom payment was made, the court's instruction that the defendant had the burden of proof, over exception duly taken, was error which requires a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.