(67 Misc. Rep. 229.)

DOSE v. HIRSCH BROS.

(City Court of New York, Special Term.  April, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 449*)—ACTION BY EXECUTOR—PLEADING AND PROOF.

In an action by an administrator for money loaned to defendant by intestate, a plea of payment to the plaintiff will not permit proof of payment to plaintiff's intestate.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 449.*]

2. PLEADING (§ 239*)—AMENDMENT—CONDITIONS.

On the withdrawal of a juror at defendant's request to enable him to move to amend his answer, full taxable costs must be paid as a condition precedent.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Action by Remigius Dose against Hirsch Bros.  Motion for leave to amend answer.  Granted.

See, also, 65 Misc. Rep. 515, 120 N. Y. Supp. 91.

Freyer, Hyman & Jarmulowsky, for the motion.

Charles A. Cass, opposed.

GREEN, J.  I am of the opinion that defendants' appropriate motion would have been for a modification of the order of Mr. Justice Schmuck, entered March 30, 1910, to the extent of permitting defendants to have further time to make a motion to amend the answer, particularly in view of the subsequent order made by the same justice on the 5th day of April, 1910; but inasmuch as the notice of motion prays "for such other and further relief in the premises as to the court may seem just and proper," I will consider the motion as a motion for such modification and for permission to amend the answer.  This is an action for money loaned, brought by an administrator of a deceased person.  The answer was virtually a general denial, with a separate defense of payment.  In setting forth the separate defense, the allegation read that the payment was made to the plaintiff instead of "to plaintiff's intestate."  The case was tried and the complaint dismissed, and upon appeal was reversed.  The case came on for a second trial, upon which, at defendant's request, a juror was withdrawn, conditioned upon payment of $30 costs and applying for permission to amend within five days, neither of which conditions was complied with.  This motion to amend the complaint is now before me, and the only amendment requested is the insertion in the separate defense of the answer that payment was made to "plaintiff's intestate" instead of to "plaintiff."

While this is a material amendment, in so far as different proof might be necessary to meet either allegation, it is a technical objection viewed in its most favorable aspect; and while I am disposed to grant permission to amend the answer, in view of the many authorities upon the question, it can only be allowed upon payment of full taxable costs

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to date. I am not in sympathy with my own decision, however, because I believe it to be hard and unjust; but I am constrained to follow the decisions upon the subject of the higher tribunals. I am of the opinion that the question of the terms upon which amendments are allowed should be entirely in the discretion of the justice who grants the amendment, and that no hard and fast rule should be laid down in matters of this character. For many years it was held in this department that in motions to set aside verdicts costs had to be allowed and paid by the moving party as a condition of granting the motion, and this obtained until a justice of this court felt it was time to change the rule and decided otherwise, which was affirmed upon appeal and has since become the law of this department by a recent decision of the Appellate Division. So, too, I believe the time has arrived to change the rule about the absolute imposition of costs upon amendment of pleadings; but in view of uniform rule and practice in this department upon the question here involved, and upon counsel's statement that if costs were imposed an appeal would be taken to review the question in order to obtain, if possible, a change in this rule, I grant the motion to amend the pleading upon condition that all taxable costs to date be paid. I do not impose these costs as a matter of discretion, for, if the proposition were an original one, I would grant the amendment without costs; but I do so because I feel I am compelled to do so under the authorities decisive of the question.

Motion granted on condition that taxable costs be paid.