### WASSERSTROM v. PUBLIC BANK.

(Supreme Court, Appellate Term. May 24, 1910.)

BANKS AND BANKING (§ 154*)—ACTIONS FOR DEPOSITS—SUFFICIENCY OF EVI-
DENCE.

A depositor brought suit against the bank to recover a balance due on deposits. There was no evidence as to the exact balance, and no evidence that any check of plaintiff had been dishonored, or payment of any check refused. The only evidence of demand was plaintiff's statement that he asked the bank to give him the sum sued for, and to give him credit for that amount, and that both requests were refused. *Held*, that the evidence was insufficient to support a judgment for plaintiff, as a depositor cannot bring suit against a bank, and make it liable in costs, for a balance due on his account, without attempting to collect the same in the ordinary way, by presenting a check or putting the bank in default in some formal manner.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 154.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Wasserstrom against the Public Bank. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Henry Fluegelman, for appellant.

Samuel Kahan, for respondent.

PAGE, J. The complaint alleged "that on or about the 20th of September, 1909, the plaintiff delivered to the defendant the sum of $219.80, which it received on deposit and agreed to pay to this plaintiff on demand," followed by the allegations, in substance, that thereafter the plaintiff duly demanded the repayment of this sum on October 21, 1909, which defendant refused, and still refuses, to pay. At the close of plaintiff's case, defendant moved to dismiss the complaint on the ground of failure of proof. It appeared at that time that plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff had had an open and running account with defendant from March 23, 1909, up to and including October 21, 1909; the latter date being a month after the alleged specific deposit upon which plaintiff bases his action. The only evidence of any demand for the redelivery of this deposit was the statement of plaintiff that he "asked" the bank to "give him" the sum mentioned, and to "give him credit" for that amount, both of which requests were refused; these statements being made in answer to leading questions of his counsel. The motion to dismiss was denied, and an adjournment taken. At the next session, on the following day, plaintiff was allowed to amend his complaint by adding:

"That the plaintiff had an account with the defendant; that the plaintiff made various deposits in the defendant's bank; that the plaintiff withdrew various amounts from the said bank, and that there is a balance due to the plaintiff from the defendant of $219.80; that the plaintiff demanded payment of the same, and the bank refused to pay the same."

It would seem that at first plaintiff sued to recover a specific deposit, and then by this amendment believed himself to be conforming the pleadings to the proof necessary in suing for a balance due on an open and running account. We have already referred to the evidence on the question of demand. There was no attempt to prove the exact amount of credits and debits. There was no evidence to show that any check of plaintiff had been dishonored, or that any check had been presented and payment refused. There is no theory upon which the plaintiff could recover upon this record, admitting, for the purpose of this discussion, that plaintiff had proved the making of the specific deposit (which is by no means clearly established), unless it be true that a depositor at any time can bring suit against a bank, and make the bank liable in costs, for a balance due on his account, without attempting to collect the same in the ordinary way, by the presentation of a check, or putting the bank in default in some formal manner. We hardly think this condition of affairs exists. The defendant's motion to dismiss was renewed after the amendment, and should have been granted.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.