(70 Misc. Rep. 46.)

## NEWMAN v. STATE BANK.

(City Court of New York, Trial Term.   December, 1910.)

BANKS AND BANKING (§ 154*)—DEPOSITS—ACTION TO RECOVER—BURDEN OF PROOF.

   The burden is upon a depositor, suing to recover money deposited in a bank, to allege and prove a demand for repayment.

   [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 154.*]

   Action by Fannie G. Newman against the State Bank.   On motion by both parties for a directed verdict.   Defendant's motion granted.

   Stackell & Louis (I. Balch Louis, of counsel), for plaintiff.

   Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for defendant.

   See, also, 123 N. Y. Supp. 926.

   SCHMUCK, J.   No evidence being introduced by the defendant, the motions for a direction made by each of the litigants will depend upon the value of the testimony adduced by the plaintiff.   That testimony indicates that the plaintiff, who was a depositor of the defendant, was entitled to a credit of $550, and that the defendant had not repaid the same.   Resting on that evidence, the defendant demanded a direction in its favor.   Likewise assured by the testimony, the plaintiff asserted a right to a direction in her favor.   The determination of these conflicting claims requires consideration of the question whether it is incumbent upon the plaintiff not only to allege but to prove a demand for repayment.

   The case of Smith v. State Bank, 61 Misc. Rep. 647, 114 N. Y. Supp. 56, asserts the necessity of such an allegation and proof.   The doctrine is therein enunciated that in an action founded upon the breach of a contract to pay upon demand the plaintiff must affirmatively allege and prove nonpayment.   In support of that principle the court cites with approval the cause of Cochran v. Reich, 91 Hun, 440, 36 N. Y. Supp. 233, wherein the principle of law heretofore adverted to is emphatically announced.   However, in view of the fact that the authority of Cochran v. Reich is in a subsequent decision by the same court unmistakably repudiated, a further investigation of the authorities is indispensable to a sound decision of the problem offered by this litigation.   True it is that in the case of Dose v. Hirsch Bros., 67 Misc. Rep. 229, 124 N. Y. Supp. 595, the court casts loose from Cochran v. Reich.   Unmistakable is the language of the court.   No doubt can be entertained of the meaning of:

   "In an action upon a contract for the payment of money, the fact of payment is a defense, and the burden is consequently upon the defendant to establish it."

   This doctrine the court upholds by virtue of the authority of Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, and Hicks-Alixanian v. Walton, 14 App. Div. 199, 43 N. Y. Supp. 541.   Recognizing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the repudiation of Cochran v. Reich, supra, the court makes the following comment:

"In view of the decision in the case last cited, we cannot follow the earlier case of Cochran v. Reich."

Apparently, therefore, two diametrically opposed determinations of the question under consideration confront us. From the embarrassment of making a choice the court is rescued by a still later decision of the same court of appellate jurisdiction.

Wasserstrom v. Public Bank, 123 N. Y. Supp. 55, stands for the principle that, so far as a banking institution is concerned, it is necessary to affirmatively allege and prove the fact of nonpayment. That case is practically on all fours with the case at bar. The determining fact of that decision was the plaintiff's inability to establish a formal demand for repayment. The failure to allege such a demand, and in consequence the absence of such proof, the court held was fatal to a recovery by the plaintiff. It would, therefore, seem to be indisputable that in an action against a bank, before a plaintiff is entitled to judgment, he or she must prove the fact of nonpayment, and that the demand for payment of the balance due must be affirmatively alleged and positively established by a formal demand in an accustomed manner.

An examination of the decision of Wasserstrom v. Public Bank, heretofore cited, leaves no room for cavil on this score. There the plaintiff endeavored to show a demand for payment; but, failing to establish that it was made in a formal manner by any of the customary methods known to banking, his testimony in that regard was found woefully lacking and wholly inadequate. Duly impressed with the sincerity of plaintiff's claim and assured of her ultimate success, nevertheless, owing to her failure to produce competent proof, her motion for a direction in her favor is reluctantly denied.

On the other hand, the contention of the defendant that this action is prematurely brought carries conviction. The defendant cannot be adjudged guilty of a dereliction of duty to this plaintiff until it is established that a formal demand was made upon it and a refusal thereof is chargeable to it. In view of the peculiar relation existing between bank and depositor, no judgment against the bank can be sustained without such proof. And justly so. It would be unjust to charge a bank with such reprehensible conduct, and to mulct it in costs when the desire of the depositor to terminate their relation is not brought to its knowledge by a demand of a formal and unmistakable nature. Therefore the motion of the defendant for a direction of a verdict in its favor is granted. Submit decision on two days' notice of settlement.

Defendant's motion granted.