(84 Misc. Rep. 429)

## COHEN v. HIRSKOWITZ et al.

(Supreme Court, Appellate Term, First Department.  March 5, 1914.)

1. LANDLORD AND TENANT (§ 298*)—RECOVERY OF POSSESSION BY LANDLORD—SUMMARY PROCEEDINGS—ANSWER.

Under Code Civ. Proc. § 2244, providing that an answer may be filed in summary proceedings, setting up any legal or equitable defense, in like manner as though the claim for rent was the subject of the action, an answer averring a settlement of the claim for rent and an agreement to dismiss the proceedings was a valid defense.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

2. LANDLORD AND TENANT (§ 298*)—RECOVERY OF POSSESSION BY LANDLORD—SUMMARY PROCEEDINGS—ANSWER.

In summary proceedings for nonpayment of rent, the tenant may plead payment, or a general release, or that the landlord has accepted a note which is not yet due.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1276–1280; Dec. Dig. § 298.*]

3. LANDLORD AND TENANT (§ 305*)—RECOVERY OF POSSESSION BY LANDLORD—SUMMARY PROCEEDINGS—ANSWER.

Under Code Civ. Proc. § 2244, providing that an answer may be filed in summary proceedings, setting up any legal or equitable defense, or counterclaim, as though the claim for rent was the subject of the action, an answer alleging a settlement of the claim for rent, and an agreement to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dismiss the proceedings, was not ineffectual because such matter was alleged by way of defense rather than by way of counterclaim.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1310, 1311; Dec. Dig. § 305.*]

4. Landlord and Tenant (§ 305*)—Recovery of Possession by Landlord—Summary Proceedings—Answer.

Where an answer in summary proceedings alleged a compromise and settlement of the claim for rent, and an agreement to dismiss the proceedings, and that the tenants had performed their part of such agreement, the court could not assume that the tenants had violated the agreement, and it was improper to hold the answer insufficient.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1310, 1311; Dec. Dig. § 305.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Summary proceedings by Cassel Cohen against Lazar Hirskowitz and another, based on nonpayment of rent. From a final order in favor of the landlord, the tenants appeal. Reversed, and new trial ordered.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Samuel S. Kogan, of New York City, for appellants.
Max D. Steuer, of New York City, for respondent.

SEABURY, J. [1] This is a summary proceeding based upon the claim of nonpayment of rent by the tenants. The answer set up that the landlord and the tenants had entered into a settlement and compromise of the rent claimed in the petition to be overdue, and that the landlord agreed, among other things, to discontinue the present summary proceeding. The answer also set up that the tenants had tendered the possession of the premises to the landlord pursuant to the terms of the agreement of settlement and compromise, which the tenants claimed the landlord had entered into with them, and alleged that the tenants had performed and that the landlord had not performed the conditions which he was obligated to perform.

The only part of said agreement which it is now relevant for us to consider is that part of the agreement whereby the landlord compromised and settled the claim for rent upon which this proceeding is based, and agreed to discontinue the present proceeding. The learned court below held the answer insufficient and granted a final order on the pleadings in favor of the landlord.

The tenants had the right to plead that the claim upon which the summary proceeding was brought had been settled, and that an agreement had been entered into between the landlord and the tenants to discontinue the present proceeding. Code of Civil Procedure, § 2244. If the tenants proved the facts pleaded in their answer, those facts would have constituted a valid defense to the present proceeding. If the claim for rent had been settled, the landlord could not succeed in the summary proceeding; and, if it were proved that the landlord had entered into a legal contract to discontinue this proceeding, he could not, in the face of such agreement, be entitled to a final order. In

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

legal effect the defense pleaded was equivalent to a plea that the landlord had released the tenants from the claim upon which he sued. A party proceeded against in an action or a special proceeding may always defend himself by the interposition of such a plea.

[2] In principle there is no reason why the tenants should not be permitted to plead that the claim upon which the proceeding is brought has been compromised and settled and that the landlord agreed to discontinue the pending summary proceeding. Thus, where the proceeding is instituted because of the nonpayment of rent, the tenant may plead payment (Cochran v. Reich, 91 Hun, 440, 36 N. Y. Supp. 233), or a general release of the claim, or that the landlord has accepted the negotiable note of the tenant which is not yet due (Spiro v. Barkin, 30 Misc. Rep. 87, 61 N. Y. Supp. 870).

[3, 4] The claim of the landlord that, although the tenants may have a claim for damages against him for breach of the agreement alleged, they cannot plead this agreement as a defense seems to overlook the fact that one of the terms of the agreement alleged compromised and settled the very claim upon which the landlord bases his right to maintain the present proceeding. Nor is the plea alleged in the answer rendered ineffective because it is urged as a defense and not by way of counterclaim. Code Civil Procedure, § 2244. If the defense is established, it follows that the petition should be dismissed. Nor does the suggestion made by the respondent that the tenants have themselves violated the terms of the alleged agreement of settlement make the defense insufficient. As pleaded, the defense alleged that the tenants duly performed the terms and conditions of the agreement on their part to be performed. If, upon the trial, it can be shown that the tenants themselves violated the terms of the agreement of settlement and compromise, that fact might be held to relieve the landlord from his agreement to discontinue the present proceeding, but the court could not assume that this was the true situation from an inspection of the pleadings, which included a defense alleging full performance on the part of the tenants.

It follows that it was error to award the landlord a final order upon the pleadings, and that the final order must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.