## LIFSCHUTZ v. PUBLIC BANK OF NEW YORK CITY.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

1. BANKS AND BANKING ⊂⊐154(1)—ACTION BY DEPOSITOR—COSTS.

In a suit against a bank for failure to pay out the balance of plaintiff's account, where the issue was whether plaintiff had made a deposit of $100, defendant, in the absence of proof of demand, would not be liable for the costs of the action.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 502, 503, 515; Dec. Dig. ⊂⊐154(1).]

2. BANKS AND BANKING ⊂⊐154(3)—ACTION FOR BALANCE OF DEPOSIT—DE-MANDS—WAIVER.

In an action for a bank's failure to pay out the balance of his account, where plaintiff's proof showed the bank's refusal was taken for granted, and where defendant's counsel admitted that there was nothing on the bank's books to show that plaintiff was given credit for a deposit, and where defendant's proof showed that plaintiff had repeatedly demanded the amount and that it was refused, the objection that the demand therefor was not proven was waived.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 508–511; Dec. Dig. ⊂⊐154(3).]

3. BANKS AND BANKING ⊂⊐154(3)—ACTION FOR DEPOSIT—DEMAND—EXCUSE.

A depositor's demand against a bank for the balance of his account is excused or made unnecessary by the bank's denial of liability.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 508–511; Dec. Dig. ⊂⊐154(3).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Leopold A. Lifschutz against the Public Bank of New York City. From a judgment in favor of the plaintiff after a trial by the judge without a jury, defendant appeals. Affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Stroock & Stroock, of New York City (Frank I. Schechter, of New York City, of counsel), for appellant.

Isaac Allen, of New York City, for respondent.

PER CURIAM. [1] Plaintiff is suing defendant for failure to pay out the balance of his account. The entire controversy involved the question whether plaintiff had made a certain deposit of $100.

After plaintiff rested, defendant moved to dismiss on the ground that no demand had been proved, although that fact was alleged and denied respectively. In the absence of such proof, it would, of course, be unjust to hold the defendant for the costs of the action. Wasserstrom v. Public Bank, 123 N. Y. Supp. 55.

[2] In the first place, however, the course of plaintiff's proof sufficiently shows that a refusal on the part of the bank was taken for granted; but, apart from that, the colloquy which succeeded defendant's motion indicates that the objection was waived. Plaintiff's counsel said:

"If my friend wants to be so technical, I will ask point-blank, 'Do you want to pay out that $100?'"

And the court, inter alia, addressing defendant's counsel, said:

"You don't contend that you gave credit on that hundred dollars, do you, on your bank balance?"

To which defendant's counsel answered:

"No, there is nothing to show on the books of the bank that we gave him credit."

Finally, after the denial of the defendant's motion, defendant entered upon its proofs, covering over 20 pages of the record, from which it appears that plaintiff repeatedly made a claim for the hundred dollars, and that it was refused.

[3] Whether, therefore, we regard the pleadings as amended, to conform to the proof on the admission of defendant's counsel, to allege that a demand was excused or rendered unnecessary by defendant's denial of liability (Delahunty v. Central Natl. Bank, 37 App. Div. 434, 56 N. Y. Supp. 39, and many other cases to the same effect), or whether we treat the record as showing that plaintiff's defect of proof was supplied in defendant's case, the judgment is correct and should be affirmed.

Judgment affirmed, with $25 costs.